# Louisville & Nashville R. R. Co. *v.* Smith.

## *Destruction of Cotton by Fire.*

(Decided June 1, 1909.    Rehearing denied June 30, 1909.
50 South. 241.)

1. *Railroads; Operation; Setting Out Fires; Complaint.*—Where a count in a complaint plainly imputes communication of fire to declarants cotton, in consequence of the negligence of the operation of defendant's railroad, the further averment therein that the damages were caused by reason of such fire was merely an averment of the consequences of the negligence, and did not render the count subject to demurrer.

2. *Same.*—A declaration averring that plaintiff owned certain bales of cotton and that defendant negligently caused or allowed said cotton to be damaged by fire communicated by means of the said locomotive, was not equivocal because of the alternative averment, since the words as used were synonymous.

3. *Same; Evidence.*—The action being for damages to cotton from fire communicated by defendant's locomotive, and the witnesses having testified that the damage was about five cents a pound, questions on cross examination as to the price at which the damaged cotton was sold and the extent of damages in consequence of the cotton lying on the ground exposed for a number of days after the fire, sought to elicit irrelevant evidence, since such matter could throw no light on the measure of damages.

4. *Same; Instruction.*—Where the action was against a railroad for damages to cotton by fire from defendant's negligence, charges predicating a finding for defendant on failure of plaintiff to take care to protect his cotton, were properly refused, as it was not the duty of the plaintiff to anticipate negligence on the part of the defendant.

5. *Same; Presumption.*—Where the testimony was that the witness saw sparks emitted from defendant's locomotive, which set fire to the cotton of which the bales of cotton owned by plaintiff were a part, it raised a presumption that the fire which ignited the cotton was the result of negligence in the equipment, construction or operation of the locomotive, and was such as to render the question of negligence one for the jury.

6. *Pleading; Construction; Equivocal Meaning.*—In construing a count and deciding whether the same was equivocal because of an alternative averment, the rule that pleading is construed most strongly against the pleader, is applicable, but the whole count must be considered and a segregated portion thereof cannot control the construction.

7. *Same; Motion to Strike; Demurrer.*—The pleas in this case examined, and it is held that it was error to sustain a motion to strike on the ground that they were immaterial, irrelevant, and sought to set up contributory negligence, where that defense could not be pleaded, and that instead of said motion being sustained, plaintiff should have been put to his demurrer that defendant might. have amended.

8. *Words and Phrases; Allow; Permit.*—The word, "allow" as employed in the averment in a count that defendant negligently caused or allowed cotton to be destroyed by fire is synonymous with "permit," which is one of its accepted meanings, and when so read, the averment is that the defendant negligently caused or permitted the damage.

9. *Negligence; Contributory Negligence.*—Contributory negligence may be set up as a defense in all cases where simple negligence is counted on for a recovery.

10. *Witnesses; Examination; Cross.*—Where witnesses had testified as to the value of the cotton in the market, it was not allowable as a test of the witness' credibility to ask on cross examination as to what plaintiff sold the damaged cotton for, and as to the extent of damages in consequence of the cotton being left on the ground after the fire.

11. *Same.*—Where a witness for the defendant, the witness being an engineer had testified that the engine was properly equipped, constructed and operated and had also testified, as to the size of sparks emitted through a proper spark arrester, it was competent on cross examination to exhibit to the witness, a substance in the nature of cinder or charcoal, and to question the witness with a view of eliciting testimony, tending to show that the arrester was faulty.

12. *Charge of Court; Conformity to Pleadings.*—Where the action is in case for consequential injury, instructions asked on the theory that the action was in trespass, were properly refused for not conforming to the pleading.

Anderson, Denson and McClellan, JJ., dissent in part.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by Irby T. Smith against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is in the following language:

Count 3: "Plaintiff claims of the defendant the further sum of $1,000 as damages, for that heretofore, to wit, April 27, 1906, the defendant was running and operating a railroad through Evergreen, Ala., and was running and operating a locomotive thereon; that plain-

tiff owned 14 bales of cotton near to said railroad; that defendant negligently caused or allowed said cotton to be greatly damaged or destroyed by means of a fire communicated from or by means of said locomotive, all to the damage of plaintiff as aforesaid."

(4) "Plaintiff claims of the defendant the further sum of, to wit, $1,000 damages, which damages were caused by fire from an engine operated by the defendant whereby said sum of, to wit, $1,000 damages was caused by said defendant to the plaintiff by reason of said fire, whereby 14 bales of cotton were greatly damaged or destroyed, all caused by the negligence of the defendant, and by reason of said fire the plaintiff was damaged in said sum. Wherefore he brings this suit."

(5) "Plaintiff Claims of the defendant the further sum of $1,000 as damages, for that on, to wit, the 27th day of April, 1906, the defendant was engaged in running or operating a steam engine or locomotive on defendant's track in Evergreen, Conecuh county, Ala., and that plaintiff owned 14 bales of cotton, which were situated on a platform adjoining the cotton warehouse in the town of Evergreen, known as the 'Evergreen Cotton Exchange,' which cotton was damaged or destroyed by fire; and plaintiff alleges that said fire was communicated to said cotton upon said platform through the negligence of the defendant; and plaintiff avers that said cotton was of the value of $1,000, and that by reason of the said fire the plaintiff was injured as aforesaid."

(6) Same as 5, except that it is alleged that the fire was communicated to seven bales of cotton, situated on the platform, which cotton belonged to the defendant.

Demurrers were interposed, raising the question of misjoinder, and the other questions discussed in the opinion.

The following pleas were filed by the defendant:

"(2) For further answer to plaintiff's complaint as a whole, and each count thereof severally and separately, defendant says that the plaintiff was himself guilty of negligence which proximately contributed to the burning of his said cotton, in this: That the plaintiff placed or caused to be placed the cotton which was damaged or burned on an open platform, not the property of the defendant, which platform was within, to wit, 5 to 10 feet of the defendant's railroad track; that the defendant's trains, both freight and passenger, passed along said railroad track frequently each day and night, and said locomotives emitted sparks therefrom in dangerous quantities, all of which was known to the plaintiff; and, well knowing the above state of facts, the plaintiff permitted or allowed said cotton to remain upon the said platform unprotected and unguarded, and in this regard proximately contributed to the injury and damages set out in his complaint.

"(3) The defendant, for further answer to plaintiff's complaint as a whole, and each count thereof severally and separately, says that the plaintiff was himself guilty of negligence in this: That he permitted or allowed said cotton which is alleged to have been burned or damaged to be placed upon and remain upon, for a period of, to wit, 10 hours or more, a platform, which platform was not covered in any manner, which platform was within, to wit, 5 to 10 feet of defendant's railroad track, well knowing that said cotton was easily ignited, and well knowing that the said cotton was unprotected, and well knowing that the said platform was within, to wit, 5 to 10 feet of defendant's railroad track, and well knowing that the defendant ran and operated trains to which were attached locomotives, which locomotives ran by steam, and well knowing that steam is generated by

fire from boiling water, and that in order to boil water it is necessary to use fire, and well knowing that the said locomotives emitted sparks in dangerous quantities, and that said cotton in its unprotected condition was liable to be set afire and burned by the said sparks, which negligence of the plaintiff proximately contributed to the injuries and damages set out in his complaint

"(4) The defendant, for further answer to the plaintiff's complaint as a whole, and each count thereof severally and separately, says that the plaintiff was himself guilty of negligence in this: That he permitted or allowed the cotton which is alleged to have been burned or destroyed to be placed upon a platform, which platform is in close proximity to the defendant's railroad track, engines, or locomotives, and that said engines or locomotives emitted sparks in quantities sufficient to set said cotton on fire, and thereby proximately contributed to his own injury.

"(5) The defendant, for further answer to plaintiff's complaint as a whole, and each count thereof severally and separately, says that the plaintiff was himself guilty of negligence in this: That the plaintiff placed or caused to be placed, the cotton which is alleged to have been burned or damaged on an open platform, which platform is not the property of the defendant; that the weather was very dry; that the defendant's locomotive engines passed along the railroad track in close proximity to the said platform every day, upon which said cotton was stored; that said cotton was not completely covered by bagging, but portions of it was absolutely uncovered and easily ignited; and that the said locomotive engines threw out sparks in dangerous quantities, the emission of said sparks being apparent—all of which facts were known to the plaintiff, and plaintiff negligently per-

10—163

mitted and allowed the said cotton to remain on the said platform, and in this regard the plaintiff proximately contributed to his alleged damages as set out in his said complaint.

"(6) The defendant, for further answer to the plaintiff's complaint as a whole, and each count thereof severally and separately, says that the plaintiff was himself guilty of negligence in this: That he permitted or allowed the cotton which is alleged to have been burned to be placed upon an open and unprotected platform, which platform is within 5 to 10 feet of the defendant's railroad track, and permitted or allowed said cotton to remain on said platform, unguarded and unprotected, for a period, to wit, 10 to 48 hours. At the point where the said platform is situated the defendant has a side track, along which side track the defendant's engines frequently pass in switching cars, which said engines throw out sparks in dangerous quantities, all of which facts above set out were well known to the plaintiff, and in this regard the plaintiff proximately contributed to the damages as set out in the said complaint.

GEORGE W. JONES, and RABB & PAGE, for appellant.—
Counsel criticise various counts of the complaint and insist that the court should have sustained demurrers thereto. As to the 3rd count, they cite *Southern Ry. Co. v. Bunt,* 32 South. 507. They further insist, upon the authority of *L & N. v. Perkins,* 44 South. 602, that it was not error without injury to have overruled the demurrer to this count. The court erred in sustaining the motion to strike the various pleas filed by the defendant setting up contributory negligence.—*A. G. S. v. Clark,* 136 Ala. 450; *Powell v. Crawford,* 110 Ala. 294; *Lindsey v. Morris,* 100 Ala. 550; *McAnally v. Hawkins,* 109 Ala. 400; *L. & N. R. R. Co. v. Sullivan T. Co.,* 138 Ala.

379.   The third count does not state a cause of action and the defendant was entitled to the affirmative charge thereon.—*Southern Ry. Co. v. Bunt, supra; Duncan & Orr v. L. & N.,* 34 South. 988.   Counsel discuss assignments of error relative to evidence, and in support of their contention cite *Polly v. McCall,* 37 Ala. 20; *S. & N. v. McLendon,* 53 Ala. 273; *Hughes v. Andrews,* 68 Ala. 283; *Tutwiler C. C. & I. Co. v. Mitchell,* 39 South. 764; *C. of. Ga. Ry. Co. v. Keyton,* 41 South. 923.   The plaintiff failed to carry the burden showing that the spark emitted from plaintiff's locomotive burned the cotton, and if this burden was carried so as to make it a jury question, the defendant met it by showing that the engine was equipped with the latest devices, was in good repair and properly operated, and plaintiff failed to meet this proof by showing actual negligence on the part of the defendant.—*L. & N. v. Malone,* 109 Ala. 509; *L. & N. v. Marbury L. Co.,* 125 Ala. 237; *Farley v. M. & O.,* 42 South. 747.   The action was trespass and not case, and hence, charges 12, 14, 15 and 16 should have been given.—*Tel. Co. v. Francis,* 109 Ala. 224; *A. M. R. R. Co. v. Martin,* 100 Ala. 511; *City D. Co. v. Henry,* 139 Ala. 161.

HAMILTON & CRUMPTON, and B. M. POWELL, for appellee.—Counts 1 and 2 were good.—*L. & N. v. Marbury L. Co.,* 125 Ala. 240.   Count 3 was good.—*A. G. S. v. Johnson,* 128 Ala. 283.   Count 4 was good.—*A. G. S. v. Taylor,* 129 Ala. 240.   Counts 5 and 6 were good.— *A. G. S. v. Clark,* 136 Ala. 450.   The court did not err in granting motion to strike the pleas.—*L. & N. v. Marbury L. Co., supra; Malone v. L. & N.,* 116 Ala. 600. Sec. 5322, Code 1907; 80 Pa. St. 182; 91 U. S. 466; 70 Miss. 119; 121 Mo. 298; *Black v. The State,* 123 Ala. 78; *L. & N. v. Allgood,* 113 Ala. 163; *Southern v. Wil-*

son, 138 Ala. 510. Counsel discuss assignments of error relative to evidence, but without citation of authority.

McCLELLAN, J.—The cause of action relied on for a recovery is the negligent destruction of plaintiff's cotton by fire communicated thereto. The cotton was located on a platform very near the defendant's tracks in Evergreen.

The argument, based on the demurrers to the fourth, fifth, and six counts, cannot be sustained. The counts plainly impute the communication of the fire to the plaintiff's cotton in consequence of the negligence of the defendant. The further averment that the damage suffered by the plaintiff "by reason of said fire" took nothing from the antecedent allegation of negligent communication thereof to the plaintiff's cotton. In fact, under these counts of the complaint, there could have been no more apt description of the consequence of the alleged negligent communication of the fire than that employed. The negligence imputed is one thing, and the effect thereof, to plaintiff's damage, quite another. If "cause" and "effect" were the same thing, the argument indicated would be well taken. The ascription of the "cause" to the negligence of the defendant and the "effect" to the "said fire," communicated as averred, are not susceptible of the construction urged for appellant.

Counsel for appellant insist that count 3 stated no cause of action, and that hence it was prejudicial error to refuse the affirmative charge requested by the defendant. The basis for the insistence is that count 3, omitting not presently important features, alleges: "That plaintiff owned 14 bales of cotton near to said railroad; that the defendant negligently caused or allowed said

cotton to be greatly damaged or destroyed by means of
fire communicated from or by means of said locomo-
tives." It is urged that the alternative averment "caus-
ed or allowed" rendered the count equivocal within the
principle applied in *L. & N. R. Co. v. Orr,* 121 Ala. 489,
26 South. 35, and in *Southern Ry. Co. v. Bunt,* 131 Ala.
591, 32 South. 507 and others to like effect. A construc-
tion of the count, and that with reference to the rule of
disfavor to the pleader, is of course necessary, and to do
so satisfactorily the whole count must be considered.
A segregated portion thereof cannot be taken and the
construction controlled thereby. It is also essential to
take into account, in the construction of pleading, the
law applicable to the status made by the allegations of
the count, plea, etc. The count in question seems to
have been taken, at least as respects the alternative
averment, from *A. G. S. R. R. v. Johnston,* 128 Ala.
283, 286, 29 South. 771. The demurrers assailing the
count, and which were overruled, were, perhaps, suffi-
ciently definite to raise the inquiry now presented; but,
aside from the affirmance entered there, the court does
not seem to have passed on the matter. It may be the
ruling on the demurrer was not urged as error. As now
appears we do not think the last-cited decision author-
ity on the question in hand. In the vital respects the
third count clearly expresses three ideas: First, that
the plaintiff was owner of 14 bales of cotton located
near defendant's railroad; second, that it was damaged
or destroyed; and, third, the means of such damage or
destruction was fire from a locomotive of the defend-
ant.

The word "allow" has many meanings. Its meaning
here as often, is controlled by the context. As here em-
ployed it is synonymous with "permit," one of its ac-
cepted meanings, and familiarly so in common parlance.

When so read the averment is that the defendant negligently caused or permitted the damage or destruction of property by means of fire communicated from a locomotive. There can be no sort of doubt that a duty rests on a railroad to use due care to "prevent," not to "permit," the communication of fire necessarily employed in the propulsion of its locomotives. This is true from the very nature of the case. Such institutions must use fire. It is, of course, a dangerous agency. The degree of reasonable care is commensurate with the danger attendant on the use. Accordingly, the obligation—the duty—prevails for railroads to observe care, within the rule defined in *L. & N. R. R. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66, among other of our decisions to prevent the communication of fire; and the performance of this duty is so jealously enforced that a prima facie, evidential presumption of its breach is indulged upon proof of the fact of fire being communicated to property by or from a locomotive operated by a railroad company. Indeed, since the use of fire in the operation of locomotives is a right, and damnifying consequences therefrom will not, alone, afford a cause of action to the injured property owner, nearly if not all of the whole field of liability for fires communicated from locomotives arises from negligent failure to observe due care to restrain dangerous tendencies of the element. The duty is, in a large sense, negative—preventive—and to breach it omission is among the most usual means. Under this construction of the alternative, is it equivocal? We think not, and for these reasons.

The principal illustrated in the *Orr* and *Bunt Cases,* is, of course, sound. Equivocal averments have no place in pleadings. In the *Orr Case* the count condemned attempted to impute, disjunctively, wantonness and simple negligence. As has been often ruled here, they can-

[Louisville & Nashville R. R. Co. v. Smith.]

not exist in the same act or omission, for the reason that
wanton or willful misconduct implies mental action;
whereas, that factor is absent in mere negligence. They
are hence necessarily distinct colorings of a wrong to
another's injury.    The *Bunt Case* dealt with the alter-
native, "knowledge or notice," and this as related to
the imputation of wanton or willful misconduct which,
to exist, must have, as a predicate, knowledge of the sit-
uation on the part of the party charged therewith. The
ruling therein turned on the fact that "notice" is not
the equivalent of "knowledge." In *Tinney v. Railroad*,
129 Ala. 523, 30 South. 623, the ruling was invited by
a charge on the effect of the evidence, not on the plead-
ing.    It was, however, held that there was no data given
the jury in the evidence from which the jury could apply
the prima facie, evidential, presumption arising from
the negligent operation of the locomotive the only
source of negligence ascribed in the complaint, to the
exclusion of the elements of presumed prima facie,
breach of duty in such cases.    The soundness of the
conclusion would seem to be beyond doubt.    It is hardly
necessary to say that the *Tinney Case* is without bear-
ing in this instance.    That the principle underlying the
*Orr* and *Bunt Cases* is not infracted by the alternative
present in count 3 is evident when it is considered that
distinct, nonequivalent alternatives were, in both in-
stances employed.    As we construe the terms "caused"
and "allowed," noting, as must be done, the context and
the stated duty involved, there can be no serious ques-
tion but that they are synonymous.    Such was the view
of the Rhode Island court, in *Carroll v. Allen*, 20 R. I.
144, 37 Atl. 704 where the words "caused" and "suffer-
ed" were under consideration, and with reference to the
analogous, in nature, duty of a city to keep its streets
in repair. And such was the view of District Judge Bil-

lings, in *Comitez v. Parkerson* (C. C.), 50 Fed. 170, where he was dealing with a statute employing the word "cause" in defining "duty and liability." Of course, in many instances, "cause" implies affirmative action, whereas "permit, suffer or allow," imply omission merely; but where these terms are employed to impute a breach of duty largely negative in nature, and hence preventive, they import the same idea, at least to the extent of accuracy and definiteness for all practical purposes of stating a cause of action. If we take them to be clothed with a different meaning in this instance, it must be in consequence of a disposition to be hypercritical—a disposition not to be encouraged in such practical affairs as the administration of the law. Count 3 stated a cause of action.

The defendant interposed six pleas; the first being the general issue. Pleas 2 to 6, inclusive, were stricken on written and filed motion, embracing grounds that they were immaterial, irrelevant, and sought to set up contributory negligence where that defense could not be pleaded. The complaint claimed damages for the ignition and destruction of cotton by fire communicated from a locomotive. The reporter will set out these pleas in his statement of the case. As appears from the plain averment of these pleas, they seek to set up contributory negligence. Each plea is denominated therein to be a plea in contributory negligence. The insistence of counsel for appellant that these pleas set up subsequent negligence within the principle announced and applied in *L. & N. R. R. Co. v. Sullivan*, 138 Ala. 379, 35 South. 327, is obviously unsound. In the first place, as stated, the pleas themselves bear their own label that they invoke contributory negligence. In the second place it is apparent from their averments that the negligence assumed to be imputed by them was an-

terior to that averred and relied on for a recovery in the complaint. Subsequent negligence on the part of a plaintiff, within the doctrine of the *Sullivan Co. Case, supra*, can never be predicated upon after negligence of the defendant. The principle in subsequent negligence is that it arose from a breach of duty coming into existence by reason of the prior negligence of the other party, and the intervention of that duty and its breach operates to break the order of causation, and then requires the ascription of the injury, for its proximate cause, to the breach of the duty last occurring. The doctrine of subsequent negligence has been many times treated in recent cases here. It is not presently necessary to reiterate. So the pleas are, and must be dealt with as pleas of contributory negligence. The court below, as before stated, struck the pleas in response to plaintiff's motion. A majority of the court hold this action to be reversible error. They have prepared their opinion on this point and it is as follows:

"DOWDELL, C. J., and SIMPSON, MAYFIELD, and SAYRE, JJ., constituting a majority of the court hold that the defense of contributory negligence may be set up by plea in all cases where simple negligence is counted on in the complaint for a recovery. *Johnson v. Birmingham Ry., L. & P. Co.*, 149 Ala. 529, 43 South. 33, and cases there cited. This seems to be the universal rule, except in those cases where the plaintiff is an infant under the years of discretion, and such facts appearing on the face of the complaint, and as to whom contributory negligence is not imputable. The case of *L & N. R. R. Co. v. Marbury*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620, is not opposed to these views. It was error to strike pleas 2 to 6, inclusive, on motion of the plaintiff. The plaintiff should have been put to his demur-

rer in order that the defendant might have the opportunity of meeting the defects pointed out by an amendment of its pleas.—*Brooks v. Continental Ins. Co.,* 125 Ala. 615, 29 South. 13; *Troy Fertilizer Co. v. State,* 134 Ala. 333, 32 South. 618; *Ala. G. S. R. R. Co. v. Clark,* 136 Ala. 450, 34 South. 917; *Dalton v. Bunn & Allison,* 137 Ala. 175, 34 South. 481; *Troy Grocery Co. v. Potter & Wrightington,* 139 Ala. 359, 36 South. 12; *Owensboro Wagon Co. v. Hall,* 149 Ala. 210, 34 South. 71; *Wefel v. Stillman,* 151 Ala. 249, 44 South. 203."

The writer is unable to agree to a reversal of the judgment on this point, and these reasons are thought to be conclusive against the soundness of the view of the majority.

First. Counsel for appellant, in their brief, say, "We concede the proposition that pleas of contributory negligence are not available as a general rule in actions of this nature," and then insist that the pleas set up subsequent negligence. Since the pleas are of the class to which the quoted concessions relates, the question is: May a party appellant avail himself of an alleged error in the elimination from the case of his pleading by motion when demurrer (if so) was the proper mode, notwithstanding he confesses the impropriety of his stricken pleading in the character of the action in which he filed it? The question suggests its own answer, it seems to me. The gist of the insistence is that, while my plea was bad, inapt, you erred in the mere mode of disposing of it. Such a proceeding has all the elements of a speculation with respect to whether the adversary will adopt, and the court approve, one of two methods of assailing inapt pleading, one proper and one improper. Besides, it is not at all certain that a pleader should not be held to have invited the alleged error in mode of procedure to eliminate his confessedly inapt pleading. I

am unwilling to annul a judgment below on such a state of fact.

Second. Mr. Elliott, in his App. Pro. (section 633), says: "One class is represented by the cases which hold that, where an objection is taken by a motion when a demurrer would be appropriate, the substitution of one mode of procedure for the other is a harmless error if the result reached is clearly right."—*Black v. State*, 123 Ala. 78, 26 South. 340. No more wholesome, rational doctrine can be found in the books. It is supported by the authorities noted to the cited section. The pleas were patently demurrable.—*A. G. S. R. R. v. Planters' Co.*, 153 Ala. 241, 45 South. 82; *Marbury's Case*, 125 Ala. 237, 28 South. 438, 50 L. R. A. 620.

Third. Motion was the proper mode of procedure to eliminate these pleas.—*L. & N. R. R. v. Malone* was twice considered by this court, viz., in 109 Ala. 509, 20 South. 33, and 116 Ala. 600, 22 South. 897. On the first appeal, as appears from the opinion, the court did not review the action of the court in striking, on motion, the plea of contributory negligence. On the second appeal the question was considered and decided; the court, through Coleman, J., saying: "Without formulating a general principle, we are of the opinion that the court did not err in holding that the plea did not present a proper issue, *and in striking it from the file.*" (Italics supplied.) The *Clark Case*, cited by the majority, took no account of the express and exactly apt ruling made in the *Malone Case* on its last appeal. Both the *Clark* and *Malone Cases* cannot be sound on the point under consideration. It will be noted that the *Malone Case* rests its conclusion on the fact that the "plea did not present a proper issue." If such was the case here, under our statute (Code, 1907, § 5322; Code 1896, § 3286) the pleas were due to be stricken on motion. They were "irrelevant." 4 Words & Phrases, pp. 3771, 3772.

[Louisville & Nashville R. R. Co. v. Smith.]

Did the pleas present a "proper issue?" In the *Malone Case* the fact that combustible debris was allowed, by the plaintiff to accumulate on the roof of the burned house, near the track on plaintiff's land, was alleged to have constituted contributory negligence. The court, as before stated, affirmed the trial court in striking this plea. In the *Marbury Case* cotton stored on plaintiff's premises was destroyed by fire, from a locomotive, alleged to have been negligently communicated thereto. The court held that in so locating his cotton the plaintiff was within his rights, because he was not bound, in the use of his property, to anticipate negligence on the part of the defendant. Concluding the ruling on the question, the court said: "If destroyed (the cotton) by the negligent act of the defendant, this was the direct and proximate cause. We are aware that in some jurisdictions the doctrine of contributory negligence has been recognized and enforced in this class of cases; but the great weight of authority in this country and in England is decidedly the other way. Upon principal we do not think it has any application to this sort of a case. 8 Am. & Ency. Law, 16, and authorities cited in note 1; Sherman & Redfield on Neg. § 679, and note; note on page 74 of 38 Am. Dec." The citations made by the court support the conclusion. The only difference, as presently important, between the *Marbury Case* and the case at bar, is that in the former the plaintiff placed his cotton on his own premises, and in the latter the plaintiff placed his cotton on a warehouse platform, not owned by him (we assume). There is no pretense that this plaintiff had no right to so employ the platform. There is no averment that such action infracted any property right of the defendant. Presumably this plaintiff was entitled to use the platform for storing his cotton thereon. If his use of the

[Louisville & Nashville R. R. Co. v. Smith.]

platform, as indicated, was rightful, and that is not gainsaid, except, by the pleas, it is asserted that he was negligent, with knowledge of the danger from fire emitted from locomotives, in so placing his cotton, it is obviously an untenable position to take, viz., that he is without the pale of the influence of the doctrine announced in the *Marbury Case.* Even counsel for appellant, in their brief before quoted, concede it. Certainly the ownership in fee of the premises cannot alter the principle, viz., that one who exercises a lawful right to the enjoyment of property, whether that right flow from full ownership or from lease or hire, cannot be held an insurer of his own possessions against negligent acts of a railroad company in the use of fire on its locomotives—that such an one is not required to anticipate negligence on the part of the company. If this principle is sound, it applies to the status presented by this record; and, if it applies, there can be no escape from the conclusion that pleas 2 to 6 "did not present a proper issue." They were "irrelevant" within the statute, and hence motion was the proper mode to eliminate them.—*Malone's Case, supra.*

Fourth. A reversal of the judgment below solely because the wrong mode (let us assume for the argument) was employed to effect a right result, viz., the elimination of the alleged defense asserted by the pleas, is, in my opinion, a purely technical reversal; and this is demonstrated when it is considered that upon the return of the cause to the trial court the only act required is to file a demurrer to the pleas, and the same result is attained.—*Black v. State,* 123 Ala. 78, 26 South. 340. Such a reversal to such a purpose cannot, in my opinion, be justified. No amendment conceivable can render the rightful use by the plaintiff of this platform for the storage of his cotton negligent in respect of omis-

sion to guard against, or in assumption of risk from, uncommitted negligence of the defendant occurring subsequent to the placing of this cotton on the warehouse platform.

Aside from the *Marbury* and *Clark Cases*, those cited by the majority did not involve the question under consideration. The general rule with respect to when motion, and not demurrer, is appropriate, is not doubted. Its application, in this instance, is the point at issue.

A number of errors assigned relate to the refusal of the court to permit defendant, on cross-examination of witness Cunningham, to elicit testimony as to the price for which the damaged cotton was sold, and also the extent of damage in consequence of the fact that the cotton, after the fire, lay on the ground exposed for 30 days. The witness had testified that the damage to the cotton, from the fire, was about five cents per pound. The only character of damage recoverable under the complaint was that consequent upon the burning. No damage was claimed on any other account. In view of these issues, it is manifest that the proffered testimony was irrelevant. The measure of damages in this action is the difference between the market value before and after the burning. None of the testimony tended to shed light on that issue. Nor were the questions to the witness allowable on the cross as tests of the witness' credibility. The witness had testified to the value of the cotton in that market. What this plaintiff sold the damaged cotton for was not allied to the testimony of the witness or to the issue in the premises. There was no error in the rulings indicated.

Plaintiff's counsel were cross-examining the engineer, who had testified to the proper equipment, construction, and operation of the engine alleged to have set the fire, and in that connection exhibited what is indiffer-

ently called, in the bill of exceptions, spark, cinder, or piece of charcoal, and asked the witness several questions with the evident view of eliciting testimony tending to show that the spark arrester was faulty. Thereupon counsel for defendant objected to the character or method of the examination. It was overruled and exception taken. We can perceive no error in this, even if the objection was assumed to be serviceable. It was an immediate testing of the witness upon a vital fact, about which he had already testified on the examination in chief, viz., the size of sparks, etc., possible of emission through a properly constructed and installed spark arrester.

Special charges 12, 14, 15, 16, and 18, refused to defendant, are the basis for as many assignments. Those numbered 14, 15, and 16 proceed on the idea that the action is trespass. The counts all of them after amendment, are in case, for the consequential injury, within the distinction, between trespass and case, announced in *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389. Charge 12 was outside the issue in the case. The striking of pleas 2 to 6 eliminated the matter suggested by this charge. Charge 18 predicates a finding for the defendant upon the failure of the plaintiff to take due care to protect his cotton. It was not the duty of the plaintiff to anticipate negligence on the part of the defendant. The complaint counts on negligent ignition of the cotton. The charge would have turned the verdict without reference to the negligence of the defendant. It was hence bad.

The remaining error assigned arises out of the refusal of the affirmative charge requested by the defendant. The proof for the plaintiff embraced testimony of a witness who testified that he saw sparks emitted from the defendant's locomotive set fire to the cotton of which

plaintiff's 14 bales was about a tenth. Under the rule declared in *L. & N. R. R. v. Reese, supra,* and others of our decisions following it, this testimony raised the evidential presumption that the fire igniting the cotton was the result of negligence in the equipment, construction, or operation of the locomotive. The defendant sought to rebut the prima facie presumption through two witnesses. Assuming, without affirming it, that the defendant's testimony rebutted the presumption, we are of the opinion that the plaintiff's evidence, he then being put to proof of negligence in one or more of the respects whereby it may have intervened, to cause the firing of the cotton, rendered the question of negligence vel non one for the jury. The witness Waller testified: "My attention was attracted by a blaze of fire coming out of the engine. I saw sparks coming out of there, too. I suppose they were as large as a buckshot, or the end of your little finger. They were in ususual numbers." Henderson, a machinist, testified that: "Sparks the size of my little finger would not go through a properly equipped engine. Sparks the size of a buckshot would not go through a properly equipped engine." The witness Cargill testified: That he saw the locomotive, alleged to have started the fire, pass by the cotton. That he "saw red hot sparks coming out of the locomotive as it came by the cotton. These sparks were as large as No. 4 buckshot." That he saw "red hot sparks, but not flames." That "the sparks were pretty thick and in large quantities." The witness Cunningham testified: That he saw "sparks coming out of said engine. The sparks looked very large. They were about as big as the end of your little finger. This engine was running along in two or three feet of this cotton when it was throwing sparks. * * * Fire came out of the engine, too. Sparks fell over the cotton, and the cotton blazed up.

[Southern Railway Company v. Stonewall Ins. Co.]

* * *" The defendant's witness Young testified, on the cross: That a "spark the size you are showing me would come out if there was a hole in it" (spark arrester) ; that, if the engine was properly equipped a sparks of the size exhibited would not come out. There is nothing we discover in the bill to indicate the size of the-spark or cinder testified about by Young. This was presumably in the presence of the jury. It follows that we cannot review satisfactorily this feature of the evidence.

We have set forth enough of the testimony, though not all, to show that the inquiry of negligence vel non was a jury question.—*Southern Ry. Co. v. Darwin*, 156 Ala. 311, 47 South. 314.

Justices ANDERSON and DENSON concur in the opinion of the writer that the judgment should be affirmed; but the majority, indicated below, rule that a reversal shall be entered because pleas 2 to 6, inclusive, were stricken on motion.

DOWDELL, C. J., and SIMPSON, MAYFIELD, and SAYRE, JJ., concur. ANDERSON, DENSON, and McCLELLAN, JJ., dissent.