# Northern Alabama Railway Co. v. Counts.

*Action for Injury Near Track.*

(Decided Nov. 23, 1909. Rehearing denied Feb. 26, 1910. 51 South. 938.)

1. *Bill of Exceptions; Matters Happening at Prior Term.*—In order to preserve the right to review rulings on motion to vacate the return of process and the amendments allowed thereto made at a term prior to the term at which the trial was had and judgment rendered from which the appeal was taken, and made before and ruled on by a different judge, a bill of exception should have been taken as of the term at which the rulings were excepted to signed by the judge presiding when the rulings were made.

2. *Appeal and Error; Assignment; Waiver.*—Errors assigned but not insisted upon in brief or argument are deemed waived and will not be considered on appeal.

3. *Same; Record; Bill of Exceptions.*—Rulings as to motions to strike pleading can be raised on appeal only when presented by bill of exceptions showing the exceptions taken at the time, and the motion and rulings thereon. A motion for a new trial cannot serve to take the place of the bill of exceptions as to these matters.

4. *Railroads; Injury to Persons Near Track; Evidence.*—Where the action was for injuries to a person struck by a projection from a car, and there was evidence that the street along which the per-

son was passing when injured had been used as such by the public for more than twenty years, it was not error to permit a witness to testify as to the location of the street, as it bore on the consequent duty of a railroad in operating its train across it.

5. *Same.*—In an action for injuries to a pedestrian struck by a projection from a car in the train, and plaintiff testified that several cars of a backing train passed him when he was struck with something about his shoulders and knocked down, it was competent to admit evidence that a rod projected from one of the cars in the same train on the day of the accident, but at another station, as tending to show the projecting rod was a part of the train causing the injury.

6. *Same; Willfulness; Evidence.*—Where the evidence showed that the train which injured the pedestrian was being backed at a reckless speed, up to a station, without lookouts or signals at a time when and a place where, known to the trainmen, there was much travel along the path between the tracks where the pedestrian was at the time of the injury, the jury is authorized to find that the injury was wantonly inflicted.

7. *Same; Negligence.*—Where a train was operated without signals or lookouts at or near a crossing, and a person at the crossing was struck by a projection from the car, the trainmen were negligent.

APPEAL from Franklin Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Jesse C. Counts against the Northern Alabama Railway Company for injuries inflicted on the plaintiff near a public crossing with the tracks in Russellville, by a projection from one of the cars of the train operated by the defendant company. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. Counsel discuss the action of the court on motions relative to quashing the process had at a former term, and cite *McCall v. Ry. Co.*, 89 Ala. 379. They insist that the court erred in sustaining plaintiff's motion to strike plea 14.—*Powell v. Crawford*, 110 Ala. 294; *Lindsey v. Morris*, 100 Ala. 550; *McAnally v. Hawkins*, 109 Ala. 400. The court erred in refusing to direct a verdict for the defendant as to both counts of the complaint.—*Guest v. A. G. S.*, 136 Ala. 348; *Shelton v. Southern Ry.*, 133 Ala. 191; *Haley v. K. C. M. & B.*, 113 Ala. 640. The defendant

was a trespasser and the plaintiff owed him no duty. —*A. G. S. v. Morer,* 116 Ala. 644. No wantonness was shown, and hence, written charges 7 and 8 should have been given.—*Shelton v. Southern Ry., supra; Peters v. Southern Ry.,* 135 Ala. 533; *L. & N. v. Mitchell,* 134 Ala. 261; *Bank's Case,* 132 Ala. 471; *Southern Ry. v. Bush,* 122 Ala. 483; *Brown's Case,* 121 Ala. 221; *M. & C. v. Martin,* 117 Ala. 382. The court erred in allowing parol proof of the existence of the alleged plea.—*City of West End v. Eaves,* 44 South. 590; *Cochran v. Purser,* 44 South. 579; 9 A. & E. Enc. of Law, 66. The proof did not show that the railroad acquiesced in the use of the space between the tracks and the pedestrian, and the plaintiff was purely a trespasser.—*L. & N. v. Mitchell, supra; R. R. Co. v. Foshee,* 125 Ala. 199; *Highland, etc., v. Robbins,* 124 Ala. 113; *N. C. & St. L. v. Harris,* 87 South. 794. Counsel discuss the excessiveness of the verdict and the action of the court in refusing a new trial.

BOWMAN, HARSH & BEDDOW, for appellee. The exceptions taken by the defendant to the rulings on the motion at a prior term and before another judge should have been preserved by bill of exceptions taken at the time.—*Lewis L. Co. v. Carmody,* 136 Ala. 578; *Ex parte Nicrosi,* 103 Ala. 104; Section 3331 and citations. The objection to the motion striking plea 14 and the motion itself is not shown by bill of exceptions, and hence, no advantage can be taken of the court's action.—*Evans v. Southern,* 133 Ala. 485; *Ewing v. Wafford,* 122 Ala. 439; *Hamilton v .Maxwell,* 133 Ala. 138. The plea was without merit.—*Costello v. The State,* 108 Ala. 53; Elliott on Roads & Streets, sec. 875. The questions sought to be discussed in the motion for new trial cannot be raised for the first time that way.—*Montgom-*

[Northern Alabama Railway Co. v. Counts.]

*ery T. Co. v. Haygood,* 44 South. 560; *Jeter v. Central C. Co.,* 43 South. 367. Many of the grounds of the motion are too general to be considered, and the charges are bunched.—*Southern Ry. Co. v. Douglas,* 144 Ala. 359. The evidence was sufficient to require the submission of the question of wantonness to the jury.— *Southern Ry. v. Shelton,* 136 Ala. 191; *A. G. S. v. Hamilton,* 135 Ala. 333. The court did not err in the admission of the testimony.

DOWDELL, C. J.—The bill of exceptions in this case contains a recital as to matters transpiring at a term of the court prior to the term at which the present trial was had, and to the rendition of the judgment from which this appeal is taken, and before a different judge from the one who presided when the judgment appealed from was rendered. In this way it is here sought to present for review rulings on motions at the former term. This cannot be done. In order to preserve the right of review on appeal in such a case, the bill of exceptions should be of the term at which the rulings excepted to were had, and be signed by the judge presiding when the rulings were made. The questions therefore relating to the motion to vacate the return of the officer on the process, the amendment, etc., pertaining thereto, and the rulings thereon, occurring at a prior term, are not properly raised, and are not to be considered. Rulings of the trial court on motion to strike pleadings can be raised on appeal only when properly presented by bill of exceptions. The bill of exceptions in this case is silent in reference to any action of the court on motion to strike plea No. 14, except where it is stated as ground of a motion for a new trial. A motion for a new trial cannot serve the office of a bill of exceptions. Exceptions to the ruling on the

motion should have been taken at the time, and the motion and the rulings thereon and the exception reserved should be shown by the bill.

Rulings of the court on demurrers to the second and third counts of the complaint, and on demurrers to the sixth plea, are assigned as errors; but these assignments are not insisted on, and therefore will not be considered by us.

There was no error in permitting witnesses to testify as to the location of the public street with reference to the alleged accident. There was evidence tending to show that the street in question had been used as such by the public for more than 20 years. This was certainly competent as tending to show its public character, and the consequent duties of a railroad operating trains across it.—Elliott on Streets and Roads, § 178.

It was also competent, under the complaint and the issues in the case, to show the frequency of travel by pedestrians along the path between the defendant's railroad tracks, in the town of Russellville, where the injury occurred, and the defendant's knowledge of the condition and frequency of such travel.

There was no error in the admission of the evidence of the witness Grover Cook in reference to the rod projecting from one of the cars in train No. 4, at Jasper, on the day of the accident; this being the same train that inflicted the injury. Taken in connection with the plaintiff's testimony that several cars of the backing train had passed him when he was struck by something about his shoulder, and was knocked down, this evidence was entirely relevant and competent. It afforded a reasonable inference to be drawn by the jury that that car with the projecting rod, seen at Jasper, and constituting a part of train No. 4, still constituted a part of said train of 25 or 26 cars at Russellville, where

the injury occurred, and that the projecting rod was what struck and knocked the plaintiff down. There was evidence which tended to show that the train of cars that injured the plaintiff was being backed up to the station without lookout or signals, and at a time when, and a place where, there was a frequency of travel, known to defendant's servants in control of the train, along the path between the tracks where the plaintiff was at the time, and under the circumstances and conditions at a rate of speed not only dangerous, but reckless. On this phase of the evidence, under our decisions, it was open for the jury to find that the injury was wantonly inflicted.—*A. G. S. R. R. Co. v. Guest,* 136 Ala. 348, 34 South. 968; *Southern Railway Co. v. Shelton,* 136 Ala. 191, 34 South. 194; *Haley v. K. C., M. & B. R. R. Co.,* 113 Ala. 640, 21 South. 357. The court therefore properly refused the general charge requested by the defendant under the count of the complaint charging wanton wrong and injury.

The court likewise properly refused to the defendant the general charge under the count of the complaint charging simple negligence. There was evidence that tended to show that the injury occurred at a public street crossing in the town of Russellville, and that the train at the time was being operated without signals or lookout. It requires no argument or citation of authority to demonstrate that this constituted negligence. The evidence in the case has been carefully considered, and we do not think it can be said that the verdict of the jury was against the weight of the evidence. Nor are we prepared to say under all the circumstances that the verdict was excessive.—*Southern Railway Company v. Crowder,* 130 Ala. 256, 30 South. 592. There was no error in overruling the motion for a new trial.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.

