# Alabama Central Railway Co. v. Humphries.

## Damage for Injury to Passenger.

(Decided Nov. 30, 1910. 53 South. 1013.)

*Carriers; Passengers; Wilful or Wanton Injury; Complaint.*—A cause of action for negligence only is stated where the complaint alleges that the plaintiff while under the influence of liquor, boarded an open car, and rode on the train, and that the road was new and rough, and that running the train at a fast rate of speed will cause it to jolt, and endanger those on the open car, and that these facts were well known to the engineer, but, with full knowledge of them, he willfully and wantonly ran the engine at a high rate of speed, since it fails to show that at the time of the injury the engineer was conscious that his act would probably result in injury. The expression, "with full knowledge of such fact" showed only that he knew the elements of a dangerous situation.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by Cleve Humphries against the Alabama Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 10 is as follows: "Plaintiff claims of defendant $10,000 as damages, for that on, to wit, November 30, 1910, the defendant was operating a line of railway in Walker county, Alabama; that plaintiff boarded said car at Manchester, in said county and was riding on said car towards Jasper, in said county, in a car open and unrailed at the sides; that plaintiff was at the time under the influence of liquor; that the said railroad was new, and that the track was very rough and uneven; that the ties were not properly clamped, and the rails were not in proper adjustment; that the track at the place of the injury was wet, and the cross-ties and track unsuitable; that running at a fast rate of speed over the track at said point would cause the car to swerve greatly, to jolt and swing from side to side, so as to greatly endanger the safety of persons on the open car behind the engine; that these facts were well known to the engineer in charge of said train, yet with the full knowledge of the said fact he wilfully, wantonly, or intentionally caused said engine to be propelled at a rapid rate of speed, and also a very dangerous rate of speed along said track, whereby the plaintiff was thrown from the said car." Then follows a catalogue of his injuries.

W. C. Davis and A. F. Fite, for appellant. The 10th count stated a cause in simple negligence only.—*L. & N. v. Brown,* 121 Ala. 266; *L. & N. v. Banks,* 132 Ala. 481; *Martin's Case,* 117 Ala. 382; *L. & N. v. Mitchell,* 134 Ala. 266; *St. L. & S. F. R. R. Co. v. Pearce,* 49 So. 247. Counsel discuss other assignments of error, but in view of what is said in the opinion, it is not deemed necessary to here set them out.

OF ALABAMA.

LEITH & GUNN, for appellee. The court committed no error in its rulings on the pleadings as count 10 was one for wilful or wanton injury.—*R. & D. R. R. Co. v. Vance,* 93 Ala. 148; *A. G. S. v. Hill,* 90 Ala. 80; *Peters v. So. Ry.,* 135 Ala. Counsel discuss other assignments of error, but it is not deemed necessary to here set them out.

McCLELLAN, J.—Action for personal injuries. All of the counts of the complaint save that numbered 10 were eliminated from the case before the jury retired. So upon that count alone the verdict and judgment rest. The report of the appeal will contain that count.

The court below, consistent with the contention of counsel for plaintiff, assumed that the count stated a good cause of action as for an injury wantonly or intentionally inflicted. It was ruled in *Louisville & Nashville Railroad Co. v. Brown,* 121 Ala. 221, 25 South. 609, and in *Same v. Banks,* 132 Ala. 471, 31 South. 573, and in *Mobile, Jackson & Kansas City Railroad Co. v. Smith,* 153 Ala. 127, 45 South. 57, 127 Am. St. Rep. 22, that, in order to ascribe an injury for proximate cause to wanton or intentional misconduct or omission, knowledge of the elements of a dangerous situation will not justify the implication that at the time the act was done or omitted the derelict party was conscious that from his act or omission to act injury would probably result. Such is the fault, in omissive averment, of the count under consideration.

The count, in strength of averment characterizing the degree of culpability really charged, is limited to the "full knowledge" possessed by the engineer "of said facts." The "said facts," detailed in the count, show no more than an acquaintance by the engineer with the "elements of a dangerous situation." It is not averred

in the count that, at the time the engine and cars were driven at a dangerous speed over the uneven, unstable track, the engineer was then conscious that his act in so driving them would probably result in injury. The count charges simple negligence only.

The demurrer should have been sustained.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.