(76 South. 48)

SINGTON v. BIRMINGHAM RY., LIGHT & POWER CO.   (6 Div. 559.)

(Supreme Court of Alabama.   May 17, 1917.)

1. STREET RAILROADS ☞103(2)—INJURY TO PERSONS NEAR TRACK—LAST CLEAR CHANCE.

If the street car proper, and not a door negligently left open, struck a pedestrian, he could not recover, regardless of the speed of the car, where the evidence showed, without dispute, that he was aware of the approach of the car, and that after the motorman became aware of plaintiff's purpose to go upon or dangerously near the track, he did all a skillful motorman could do to stop the car and avert the injury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219.]

2. NEGLIGENCE ☞112— WILLFUL AND WANTON MISCONDUCT—PLEADING—SUFFICIENCY.

The solution of the question whether a count charges wanton or willful misconduct, or simple negligence, cannot be aided by the use of the terms "willfully" and "wantonly," but is measurable by the facts set forth.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 185.]

3. NEGLIGENCE ☞11—SIMPLE NEGLIGENCE— WANTON OR WILLFUL MISCONDUCT.

An act or omission is simple negligence, or a wanton or intentional wrong according to the absence or presence of the mental state of the person, who did or omitted to do that which duty required in the premises, and if the person intended to inflict injury or omitted to do his duty under the circumstances with knowledge and consciousness that his doing of the act, or omitting to act, would likely result in an injury to another, he is guilty of willful or wanton misconduct or omission, and not of simple negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13.]

4. STREET RAILROADS ☞110(1) — INJURY TO PEDESTRIAN — WILLFUL AND WANTON MISCONDUCT—PLEADING—SUFFICIENCY.

In an action for injuries from being struck by a street car, a count charging that the agents of defendant's well knowing that persons were likely to be at said place at said time, and with reckless indifference to the consequences willfully or wantonly caused the door or gate of said car to be opened to and project a distance of 18 inches from the side of said car while said car was being operated at a rapid rate of speed, so that said gate or door of said car came into contact with or struck the plaintiff, thereby proximately causing the injuries and damage to plaintiff as aforesaid, was sufficient to charge willful and wanton misconduct.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 224.]

5. STREET RAILROADS ☞117(36)—INJURY TO PEDESTRIAN — WILLFUL AND WANTON MISCONDUCT—JURY QUESTION.

In an action by a pedestrian for injury from a street car, where there was evidence that a

_____

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 231.

projecting gate was the instrument of plaintiff's injury, that the motorman knew it was open before plaintiff was struck, that the mechanism for controlling the gate was at the motorman's hand, that the headlight on the car was burning as it approached, obstructing plaintiff's view, and that the car was being run at a rapid rate of speed, the jury could have inferred indifference on the part of the motorman amounting to wanton or willful misconduct, and it was error to withdraw the count based on willful and wanton misconduct.

**6. APPEAL AND ERROR ☞1042(2)—HARMLESS ERROR—AFFIRMATIVE CHARGE.**

Where the issues presented were materially different, that counts 1 and 2 were submitted did not render harmless court's withdrawal of count 4, based on willful and wanton misconduct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4111.]

**7. STREET RAILROADS ☞118(4) — INJURY TO PERSONS NEAR TRACK—INSTRUCTIONS.**

The instruction that the motorman has the right to assume that a grown person coming toward the street car track will stop in time to prevent injury to himself, and that motorman is under no duty to stop or regulate speed until it is "reasonably apparent to him" that such person is about to put himself in danger, would have stated an abstract proposition of law correctly, if it had substituted for the quoted words a reference to one ordinarily prudent and skilled in the motorman's position.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 261.]

**8. APPEAL AND ERROR ☞1066 — INSTRUCTIONS—REVERSIBLE ERROR.**

In an action for injury caused by being struck by a street car, where plaintiff was aware of the approach of the car, and issue of willful and wanton misconduct of motorman had been withdrawn, instruction that plaintiff was charged by law with the duty of using ordinary care, and if as a result of his failure so to do, there can be no recovery on any count charging simple negligence, although defendant was guilty of negligence, was not affirmatively faulty, rendering giving thereof reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220.]

**9. STREET RAILROADS ☞118(4) — INJURY TO PEDESTRIAN — INSTRUCTIONS — EXPLANATORY CHARGE.**

In pedestrian's action against defendant, street car company, for injuries, instruction that defendant did not owe as high a degree of care towards plaintiff as it did towards its passengers, and that ordinary care was all that was required, called for an explanatory charge.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 261.]

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Max Sington against the Birmingham Railway, Light & Power Company for damages for personal injuries. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Most of the pleadings and facts sufficiently appear. The following matter is directed to be set out:

The following charges were given for plaintiff:

Assignment 3: A street car motorman, when he sees a grown person coming towards the car track on which the street car is being operated, has the right to presume, that such person will stop in time to prevent injury to himself, and the motorman is under no duty to stop or slacken the speed of his car until it becomes reasonably apparent to him that such person is about to put himself in a position of peril.

Assignment 4: The plaintiff, Max Sington, was charged by law on the occasion complained of with the duty of using ordinary care for his own safety, and if he failed to use ordinary care, and as a proximate consequence of such failure on his part he was injured, then he cannot recover against defendant on any count charging simple negligence, even if you are reasonably satisfied from the evidence that defendant was also negligent as claimed.

Assignment 5: If you believe from the evidence that immediately prior to the accident complained of, the motorman was operating the car in an ordinarily careful and prudent manner, and if you further believe from the evidence that immediately upon discovering plaintiff's peril the motorman then and there used all of the means at his command to stop the car, but could not do so in time to prevent injury to plaintiff, then plaintiff cannot recover in this case, and your verdict must be in favor of defendant.

Assignment 6: While defendant company owed the highest degree of care, skill, and diligence to its passengers, yet it was not required to use such a high degree of care towards plaintiff; ordinary care was all the law required.

Winkler & Smith, of Birmingham, for appellant. Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, for appellee.

McCLELLAN, J. The plaintiff, appellant, was injured in a public street in the city of Birmingham. He was a pedestrian, not a person intending to take passage on the defendant's, appellee's, street car. He was injured in one of two ways, viz. run into by the defendant's street car while he was on the track, or hit by the open doors leading into the front platform or vestibule of the street car; the doors when open extending beyond the lateral line of the street car about 18 or 20 inches. The defendant's evidence was to the effect that plaintiff was hit by the car proper; the doors mentioned not being open at the time plaintiff was stricken.

[1] If the car proper struck the plaintiff, it is clear that the plaintiff could not recover, whatever the negligence or wantonness characterizing the speed at which the car was being operated, since the evidence shows without dispute that after the motorman became aware of plaintiff's purpose (according to that phase of the evidence), to go upon or dangerously near the track, he did all a skillful motorman could do to stop the car and avert the injury; and, additionally, since the plaintiff's own testimony discloses that he was fully aware of the car's approach, thereby, if the defendant's theory of the cause of his injury was accepted by the jury, necessarily concluding him because of his own heedlessness, his own negligence.

The general affirmative charges for the defendant were given on the issues tendered by counts 3 and 4. The presently important averments of count 3 were these:

"The plaintiff avers that he suffered said injuries and damages as a proximate consequence of the negligence of the agents or servants of defendant who were acting within the line and scope of their authority and employment in the operation of said car; and that said negligence consisted in this: That said Avenue K or Eleventh Avenue South is a public thoroughfare of said city of Birmingham; that the same is situated in a very populous locality in said city, and that said avenue is used constantly by the public, both pedestrians and in vehicles, and that persons were frequently on or very near the railway tracks of defendant at the hour of the day and place where said injuries were received by plaintiff as aforesaid, which great use of said avenue was well known to said agents or servants of defendant; that it was then in the nighttime, and that it was the custom or usage of those operating cars on defendant's said line of railway to stop the cars which were proceeding in the direction that said car was then proceeding for the purpose of allowing persons who were on said avenue at or about the place where plaintiff was at said time to board said cars and to take passage thereon, which said custom or usage was well known to said agents or servants of defendants; and plaintiff further avers that he was at said place in company with another person who was at said place for the purpose of taking passage on said car, and plaintiff avers that said servants or servants of defendant, knowing that persons were likely to be on or very near said track at said place, and knowing that some person would probably be injured thereby, and with reckless indifference to the consequences, willfully or wantonly operated said car at a rapid rate of speed so that the same or a part of said car struck the plaintiff, thereby proximately causing said injuries to him as aforesaid."

After appropriating all of the averments of count 3 down to the allegation that plaintiff, on the occasion of his injury, was accompanying a friend to take passage on this street car, count 4 concludes with these averments:

"And plaintiff avers that said agents or servants well knowing that persons were likely to be at said place at said time and knowing that injury to some persons was likely to be caused thereby and with reckless indifference to the consequences willfully or wantonly caused the door or gate of said car to be opened to and project a distance of, to wit, 18 inches from the side of said car while said car was being operated at a rapid rate of speed, so that said gate or door of said car came into contact with or struck the plaintiff, thereby proximately causing the injuries and damage to plaintiff as aforesaid."

[2] The solution of the inquiry, whether this count (4) charges wanton or willful misconduct, or only simple negligence, on the part of the defendant's operative, cannot be aided or affected by the use of the terms "willfully" or "wantonly," as characterizing the operative's act of causing the door or gate of said car to be opened to and project some distance from the side of the car, since the willfulness or wantonness as there employed is with respect to the opening of the door or gate, and not with respect to the operation of the car with the door or gate open. The distinction indicated is the basis of the two characters of wrongs, viz. willful or wanton misconduct or omission, and simple negligence, for damage in proximate consequence of which a person injured may have his redress.

[3] An act or omission is simple negligence or a wanton or intentional wrong according to the absence or presence of the mental state of the person who did or omitted to do that which duty required in the premises; and, if the person intended to inflict the injury or did the act or omitted to do his duty under the circumstances with a knowledge and consciousness that his doing of the act or omitting to act will likely result in injury to another, he is guilty of willful or wanton misconduct or omission, and is not guilty of simple negligence. McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 South. 992; L. & N. R. R. Co. v. Smith, 163 Ala. 141, 150, 151, 50 South. 241; B. R., L. & P. Co. v. Brown, 150 Ala. 327, 43 South. 342; A. G. S. R. R. Co. v. Smith, 191 Ala. 643, 68 South. 56; Ala. Cent. Ry. Co. v. Humphries, 169 Ala. 369, 53 South. 1013, among others.

[4] This count's quality to state a cause of action for willful or wanton wrong is measurable by the facts set forth in the count, of which the controlling ones are these: The rapid operation of this car, with its projecting door or gate, known by the operative to be open, in the nighttime, over or by this place at or about which in a public thoroughfare the operative knew persons customarily, rightfully were or were likely to be in the nighttime, knowing that injury would likely be inflicted upon some person so situated. Both of these counts (3 and 4) ascribed plaintiff's injury to willful or wanton wrong on the part of defendant's operative. The averment with respect to the open, projecting door or gate, while inefficient to charge a willful or wanton wrong by that act alone, was efficient to allege that the defendant's operatives knew the projecting door or gate was open while the car was being operated at a rapid rate of speed; the allegation being that the defendant's agents "caused the door or gate * * * to be opened to and project" some distance beyond the side of the car, importing affirmative action on the part of the employé. L. & N. R. R. Co. v. Smith, 163 Ala. 141, 151, 152, 50 South. 241, defining "cause."

In view of the whole evidence the court was justified in giving, at defendant's request, the general affirmative charge against a recovery under the third count. The dominant averment in that count (3), even when coupled with the motorman's knowledge of the circumstances of custom and use described in the count, is the rapid speed at which the car was being operated. If the plaintiff's theory is accepted in its utmost breadth and strength, the speed of the car, even when coupled with the motorman's

knowledge of the circumstances of custom and use described in the count, bore no causal connection with plaintiff's injury. He saw the car coming a considerable distance away. He undertook, from a point near, not on, the track, to signal the motorman to stop, that his companion might take the car. According to his theory, and evidence introduced for him clearly tended to support it, he was struck by the projecting side door or gate, not by the body or front part of the car; a contention asserted by evidence adduced by defendant. The point at which his theory places him when stricken was safe from the sweep of the car, but for the projection of the door or gate of which he is not shown to have had any previous knowledge. Uncontradicted proof of the facts averred in count 3 would not have justified the ascription of plaintiff's injury for proximate cause to the rapid operation of the car under the circumstances averred in count 3.

[5] Not so with respect to count 4. That count introduced the factor of the open, projecting door or gate. There was evidence to the effect that the projecting door or gate was the instrument, the immediate agent of plaintiff's injury. There was evidence from which it was inferable that the motorman knew it was open before plaintiff was stricken, if the jury concluded he was in fact hit by the door or gate. The mechanism for controlling the door or gate was at the motorman's hand; and the gate itself was near him. There was evidence that a headlight was burning on the car as it approached, and from this it was inferable, as upon common knowledge, that such a light, if bright, would obscure a person's view, looking toward the light, of lines or objects beyond the intervening rays of the headlight. There was evidence tending to show that this car was being run on this occasion at a rapidity of speed that the jury might, under the circumstances averred in count 4, have concluded evinced a degree of conscious indifference, under known conditions, on the part of the motorman as to characterize his conduct as wanton or willful, to plaintiff's injury. Illustrations of the principle here applied are afforded by the cases of Haley v. K. C., M. & B. R. R. Co., 113 Ala. 640, 21 South. 357, and Northern Ala. Ry. Co. v. Counts, 166 Ala. 550, 51 South. 938; where projections from railway cars inflicted the injuries there in question. In McNeil v. Munson Lines, 184 Ala. 420, 63 South. 992, this court, reversing the Court of Appeals, held: Where it was error to give the affirmative charge against the plaintiff on a count charging willful or wanton misconduct, such error was not cured or rendered harmless by the jury's verdict finding against plaintiff on the issue of simple negligence submitted to them.

[6] Counts 1 and 2 presented issues materially different from those tendered by count 4, requiring evidence of a different quality and character to sustain or to defeat them. The fact that the issues tendered by counts 1 and 2 were submitted to the jury did not operate to render harmless the court's error in withdrawing from the jury the issues under the fourth count. The decisions in Helms v. Central R. R. Co., 188 Ala. 393, 66 South. 470, and A. G. S. R. R. Co. v. Smith, 196 Ala. 77, 71 South. 455, 460, contain nothing to the contrary.

The report of the appeal will reproduce the special charges, given at defendant's instance, set forth in assignments of error 3, 4, 5, and 6.

[7] The instruction copied in the third assignment of error would have stated an abstract proposition of law correctly if it had substituted for the words "reasonably apparent to him" a reference to the law's standard man, viz. one ordinarily prudent and skilled in the operative position. Reaves v. Maybank, 193 Ala. 614, 623–626, 69 South. 137; L. & N. R. R. Co. v. Young, 153 Ala. 232, 236, 237, 45 South. 238, 16 L. R. A. (N. S.) 301; L. & N. R. R. Co. v. Holland, 173 Ala. 675, 688, 55 South. 1001.

[8] The charge copied in the fourth assignment was referable to plaintiff's asserted contributory negligence, regarded as pleaded under the consent practice. In the light of issues made by the only counts that passed to the jury, it does not seem to be affirmatively faulty. It probably called for explanation. It was not reversible error to give it under this record. It, as well as the charge set forth in the fifth assignment, will be refused on another trial when the issues tendered by the fourth count are submitted. Haley's Case, and Counts' Case, supra.

[9] The instruction copied in the sixth assignment called for an explanatory charge, directed to remove the possibility that the jury might be misled thereby to conclude that the intervention of circumstances disclosing to the operative plaintiff's peril would not exalt the degree of the operative's care.

For the error committed in withdrawing from the jury the issues tendered by count 4, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, and GARDNER, JJ., concur.