169 So. 224

**JONES v. PRITCHETT.**

4 Div. 893.

Supreme Court of Alabama.

June 25, 1936.

Cope & Cope, of Union Springs, for appellant.

Andrews & Andrews, of Union Springs, for appellee.

FOSTER, Justice.

This is an action at law in which plaintiff recovered a judgment, and defendant made a motion for a new trial.

The motion for a new trial is the one which is argued first—assignment No. 10. The general rule is that the ruling on such motion must appear in the bill of exceptions showing that an exception was reserved. Some of the cases are: Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Southern Wood Preserving Co. v. Mc-Camey, 218 Ala. 201, 118 So. 393; Martin v. State, 216 Ala. 160, 113 So. 602 (case No. 1). We find no exception to the ruling which appears anywhere in the bill of exceptions. We cannot therefore review it, if we should hold that the verdict on a simple negligence count cannot be united with one on a wanton or willful count in one trial as being inconsistent. Central of Georgia R. Co. v. Corbitt, 218 Ala. 410, 118 So. 755; Sington v. Birmingham Ry., Light & Power Co., 200 Ala. 282 (3), 76 So. 48; McNeil v. Munson, S. S. Lines, 184 Ala. 420, 423, 63 So. 992; Louisville & Nashville R. R. Co. v. Smith, 163 Ala. 141, 150, 151, 50 So. 241.

There are several assignments of error not argued—numbered 1, 2, 3, and 4—and are not reviewed.

Charge marked "N," assignment No. 5, was not erroneously given. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

Assignments 6, 7, and 8 refer to questions propounded by the court to prospective jurors respecting their qualifications as such relating to an insurance carrier for defendant. They were asked by the

court at the instance of plaintiff. Objection and exception were noted as to each. There is nothing which appears to show that there was any effort to influence the jury by such questions. Plaintiff had a legal right to qualify the jury in respect to an insurance carrier of defendant, who may be liable, if defendant is. There must not appear any substantial effort unduly to influence the jury in that respect. We find no reversible error pertaining to that feature of the trial.

Assignment No. 9 is obviously without merit.

Assignment No. 10 relates to the motion for a new trial, and cannot be reviewed for the reason we have stated.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.