## McNeil *v.* Munson S. S. Lines.

*Injury to Servant.*

(Decided December 18, 1913.   63 South. 992.)

1. *Negligence; Simple.*—The inadvertent omission of duty is simple negligence.

2. *Same; Wanton or Willful.*—As distinguished from simple negligence, wanton or willful misconduct is characterized as such by the state of the mind of the act or omission; hence, it is that it may be simple negligence or wanton or willful wrong according to the mental state of the person doing or omitting the duty required in the premises.

3. *Appeal and Error; Harmless Error; Instruction.*—Where it was error to give the affirmative charge against plaintiff on counts charging willful or wanton misconduct under the evidence, such error was not cured by the verdict of the jury finding against plaintiff on the issue of simple negligence submitted to them by the court.

(Sayre, J., dissents.)

CERTIORARI to Court of Appeals.

Albert McNeil brought suit against the Munson Steamship Line for damages for injury to him as an employee, and from an adverse judgment, appealed to the Court of Appeals, which court rendered a judgment affirming the judgment of the trial court. See 8 Ala. App. 610; 62 South. 459.   Plaintiff brings certiorari to re-

[McNeil v. Munson S. S. Lines.]

view such judgment of the Court of Appeals. Reversed and remanded.

LESLIE B. SHELTON, and RICH & HAMILTON, for appellant. Wanton wrong is not negligence, and it is not necessary under such count that the jury find that defendant was guilty of negligence.—*Pickard's Case,* 124 Ala. 374; *Hall's Case,* 105 Ala. 599. The difference between the causes of action are clearly marked.—*Markee's Case,* 103 Ala. 160; *L. & N. v. Orr,* 121 Ala. 497; *Ga. Pac. v. Lee,* 92 Ala. 262; *Merrill v. Sheffield Co.,* 169 Ala. 242. The act involved in this case being wrongful in itself was wantonly or intentionally done.—*Warten v. L. & N.,* 94 Ala. 285; *K. C. M. & B. v. Burton,* 97 Ala. 240; *Andrews v. R. R. Co.,* 99 Ala. 439; *Hill v. R. R. Co.,* 100 Ala. 447. It follows from these authorities that the Appellate Court was in error in holding that the error was cured by a finding of the jury against the defendant on the issues of simple negligence.

HANAW & PILLANS, for appellee. There was no error in the judgment and decision of the Court of Appeals.—8 Ala. App. 610; *L. & N. v. Banks,* 132 Ala. 471; s. c. 104 Ala. 508; *Chambliss v. Mary Lee Coal Co.,* 104 Ala. 655; *So. Ry. v. Bunt,* 131 Ala. 594; *A. G. S. v. Guest,* 144 Ala. 373; *L. & N. v. Anchors,* 114 Ala. 492; *L. & N. v. Brown,* 121 Ala. 221; *Anniston P. Wks. v. Dickey,* 93 Ala. 418.

McCLELLAN, J.—Our opinion is that the writ of certiorari to the Court of Appeals should be granted to the extent hereinafter indicated.

The action is by the servant against the master for damages for personal injuries received by the former while in the service of the latter. A full statement of the case, as reported for the Court of Appeals, will be

found in 8 Ala, App. 610, 62 South. 459—463.   The com-
plaint contained counts ascribing the injury to wanton
or willful misconduct *and* counts ascribing the injury
to simple negligence, for which, if sustained and un-
avoided, the defendant was responsible.   The trial court
gave, at the instance of the defendant, the general affir-
mative charge, denying the right of the plaintiff to re-
cover on the wanton or willful counts, and submitted
to the jury the issue of simple negligence vel non raised
by the counts presenting that theory of liability.   The
Court of Appeals concluded that the trial court *erred*
in thus taking from the jury the issue of wantonness or
willfulness vel non as presented by counts predicated of
that theory of liability.   But the Court of Appeals ad-
judged that the stated error was rendered innocuous,
for that the jury found against the plaintiff—for the
defendant—on the issue of simple negligence vel non,
the appellate court concluding, *upon the evidence,* that
the finding of the jury against the plaintiff on the sim-
ple negligence counts necessarily comprehended a con-
clusion adverse to plaintiff on a fact or act or omission
common to both his theory of liability for simple neg-
ligence *and* for wanton or willful misconduct.   This
ruling of the Court of Appeals may be reduced to this
legal formula: Where the plaintiff's complaint declares
for liability in counts asserting simple negligence and
counts asserting willful or wanton misconduct, to his
proximately resulting injury, it is error without injury
to give the affirmative charge against the plaintiff's
right to recover under the counts alleging wanton or
willful misconduct when the court submits to the jury
the issue made by the counts averring simple negligence,
and the jury returns a verdict for the defendant on such
counts in simple negligence, *provided* there is a con-
trolling fact, act, or omission *common* to the plaintiff's

[McNeil v. Munson S. S. Lines.]

case under both theories of liability, viz., for simple negligence and for wanton or willful misconduct.

If the counts declaring as for simple negligence and the counts declaring as for wanton or willful misconduct presented identical issues of fact to the jury, the doctrine of error without injury could have application, as has been often ruled here. The distinction between causes of action rested upon simple negligence and those predicated of wanton or willful misconduct, as proximate causes of injury, is fundamental. It is recognized and observed in initial pleading, in the defenses that may be interposed to the former and not to the latter, in the evidence to sustain them, and in elements of damages that may be recovered in the latter but not in the former character or cause of action. Simple negligence is the *inadvertent* omission of duty; and wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted. The conceptions are essentially distinct, for an act or omission may be simple negligence, or wanton or willful wrong, according to the presence or absence of the mental state of the person who did or omitted to do that which duty required in the premises.

Having concluded, as the Court of Appeals did, that there was evidence which rendered it error to give the affirmative charge, against the plaintiff, on the counts charging willful or wanton misconduct, that error could not be cured by the submission to the jury of the very different issues raised by the counts declaring as for simple negligence.

Accordingly the judgment of the Court of Appeals is reversed for such further consideration of the appeal, consistent with the above stated views, as that court may deem proper.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SOMER-
VILLE, and DE GRAFFENRIED, JJ., concur.

SAYRE, J.—(dissenting).—In *Williams v. L. & N.
R. R. Co.*, 176 Ala. 631, 58 South. 319, I took occasion
to express my views on the subject of the proper rela-
tion between this court and the Court of Appeals.    I
believe our subsequent experience in dealing with cases
brought from that court to this by certiorari has demon-
strated both the legal propriety and expedience of the
views I then entertained and expressed.    Accepting
now, however, the opinion of the majority in that case,
which is, according to my interpretation, that this court
will not only supervise, but will revise by certiorari, the
rulings of the Court of Appeals, as being now the rule
of this court, I am of opinion that the revision should
be complete and thorough, to the end that justice may
be done according to law between the parties.    To mere-
ly revise the opinions of the Court of Appeals results in
no good.    That course neither contributes to the unifor-
mity of our jurisprudence, nor does it determine the
rights of litigants.    It does, however, introduce a new
element of uncertainty and delay into the administra-
tion of the law, as witness the result in this case.

My view of the case presented by the record here
transmitted to this court from the Court of Appeals is
that there was no error in the ruling of the trial court
in respect to the right of recovery under the wanton
count, and hence no room for an application of the doc-
trine of error without injury—that there was nothing
in the evidence to warrant a finding of willful or wan-
ton wrong, and that this court, looking to the record,
ought to order an affirmance.    I understand that the ma-
jority of the court refuse to examine the record for the
purpose of determining the propriety of the general

[Walker v. Birmingham Coal & Iron Co.]

charge on the wanton or willful counts because that would involve a finding of fact. In that view I do not concur for reasons which have been stated by Judges Mayfield and De Graffenried in *Ex parte Will Kirkwood, infra,* 63 South. 990. I do not conceive that the case depicted by the Court of Appeals in its argument is of impossible occurrence. That court puts its conclusion as to error without injury on the evidence, on the facts, and I do not think its decision can be reviewed without an examination of the evidence, of the facts, and, in my judgment, that examination ought to be pushed to the point where this court can see whether the case was properly tried and make a ruling accordingly.