## McNeil *v.* Munson S. S. Line.

(Written May 12, 1914. 65 South. 540.)

Extension to original opinion and judgment of trial court affirmed.

For original opinion, see 8 Ala. App. 610, 62 South. 459.

The cases cited by appellee's counsel, referred to in opinion, are the following: *L. & N. R. R. Co. v. Banks,* 132 Ala. 471, 31 South. 573; *So. Railway v. Bunt,* 131 Ala. 594, 595, 32 South. 507; *Ala. G. S. R. R. Co. v. Guest,* 144 Ala. 373, and see charge No. 38 on page 378, and opinion on page 382, at bottom of page, 39 South. 654; *L. & N. R. R. v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; *L. & N. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609; *Anniston Pipe Works v. Dickey,* 93 Ala. 418, 9 South. 720; *L. & N. R. R. Co. v. Banks,* 104 Ala. 508, 516, 517, 16 South. 547. See *Chambliss v. Coal Co.,* 104 Ala. 655, headnote 3, 16 South 572.

LESLIE B. SHELDON, and RICH & HAMILTON, for appellant.

PILLANS, HANAW & PILLANS, for appellee.

PELHAM, J.—In view of the fact that this court in its original opinion, in holding that the refusal of the trial court to submit the question of wanton or intentional injury to the jury, if error, was without injury, expressly based its ruling on the facts disclosed in that particular case, it would seem to be a natural construction to put upon the opinion of the Supreme Court reversing the judgment of this court for further consideration, and the opinion of Justice Sayre, dissenting, that that court would consider on certiorari proceedings the rulings of this court deemed by that court as showing error, but would decline to consider a similar question, or like proposition, presented by the same record showing that that error was without injury, in that it would not change the final conclusion reached or judgment rendered.—*Ex parte Albert McNeil,* 63 South. 992. We cannot, and do not, however, conclude that the Supreme Court intended such a construction as this to be given its holdings in passing on the rulings, inasmuch as that court in the consideration of appeals even from trial courts has universally refused to reverse the judgments of such courts for errors that are shown by an examination of the entire record to be without injury. But it does seem clear to us that if it was shown, by the record that was before the Supreme Court on certiorari to review the judgment of this court, that the conclusion reached by us on the ruling of the lower court was correct, and that the Supreme Court differed only as to the correctness of our analysis of the evidence in arriving at that conclusion, that then the net result was a finding of error by that court that would not change the final conclusion reached and judgment rendered by this court, and amounted to no more than an ascertainment by the Supreme Court of error without injury. It was our conclusion in the original opin-

ion that the trial court committed no reversible error in respect to its rulings on the right to recover under the wanton or willful counts. We based this conclusion on a consideration of the evidence in that case upon the theory of error without injury. If from a proper analysis of this same evidence it is to be concluded that there was nothing shown by it to put the trial court in error in the first instance, because nothing to warwant a finding of willful or wanton wrong, then the outcome is the same, and the two courts, at considerable expense to litigants and much unnecessary delay, are arriving at identically the same conclusion by simply applying different propositions of law to the same evidence with the same result—i. e., a finding that the trial court committed no reversible error with respect to the particular matter complained of as constituting such error.

In first considering the proposition upon which the Supreme Court has reversed our judgment, we were inclined to think, as expressed in the opinion rendered, that there was evidence affording a basis for an inference from which the jury might infer that the gangwayman, Mingo, knew the position of the plaintiff on the ship's deck at the time of giving the alleged negligent order, and knew that he would likely be struck or injured in consequence of his giving the order; and that if so, and the jury believed this phase of the testimony, it might amount to such wanton disregard of the consequences in giving the order resulting in inflicting the injury as to authorize the submission of the counts charging wanton or willful injury. This consideration of the evidence was in connection with our conclusion that it was not injurious error even if such an inference was afforded by the evidence, and our main study at that time, in this connection, was for the purpose of passing on the cardinal question of whether or not the court.

committed reversible error in excluding from the jury the right to assess punitive damages.

A careful consideration and analysis of the evidence made alone in the light of passing on the sole question of whether or not the court was in error in excluding the counts charging wanton or willful misconduct, and not coupled with the consideration that even if so, it was error without injury and not reversible error (as we were previously considering it when originally examining it and expressing our views on this proposition), convinces us that the opinion expressed by Mr. Justice Sayre is correct, "that there was nothing in the evidence to warrant a finding of willful or wanton wrong," and that any inference to the contrary must necessarily be based upon mere conjecture. There is nothing in the evidence to show that Mingo knew or was presently conscious of the dangerous position of the plaintiff and the likelihood of injury to him from giving the alleged negligent order, and a finding to that effect could only rest upon supposition or conjecture. Nothing short of a finding that Mingo knew or had a present consciousness that his giving the alleged order would probably result in injury would warrant a finding of willful or wanton injury, and such a finding is not warranted by the evidence. It would not be sufficient to warrant a finding of willful or wanton wrong that Mingo was negligent in not knowing; it must have been shown that he actually knew or had a present consciousness of the danger and the injury that would probably result. See cases cited in brief of counsel in opposition to granting the writ of certiorari.

The conclusion is that the court was not in error in excluding from the consideration of the jury the imposition of punitive damages, and the judgment of affirmance heretofore rendered will not be disturbed.

Affirmed.