(75 South. 191)

MOBILE LIGHT & R. CO. v. McEVOY.

(1 Div. 233.)

(Court of Appeals of Alabama. April 10, 1917.)

STREET RAILWAYS ☞104—WANTON INJURIES —"RECKLESS."

In action for injuries by street car and automobile collision, plaintiff, to establish wanton injury, need not show that the car was operated at a reckless rate of speed.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 220.]

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by John H. McEvoy against the Mobile Light & Railroad Company for damages for injuries to his automobile and to his person. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count declared upon simple negligence in that while plaintiff was operating his automobile along Marine street at the intersection of Marine and Savannah streets, with ordinary and reasonable care and caution, employés of defendant so negligently operated and managed the car of defendant that it ran against or upon his said automobile, wrecking and smashing the same, and greatly injuring plaintiff in his person. The second count declares on the same breach of duty, and alleges the negligence to the motorman or employés acting within the line and scope of their employment in that they both wantonly or intentionally run and managed said street car in such a manner as that they willfully, wantonly, or intentionally ran and drove said car into or against plaintiff's said automobile.

The following charges were refused to defendant:

Affirmative charge as to the first count.

(30) The court charges the jury that in order to recover under the second count of the complaint it is necessary that plaintiff should show to the jury that the street car was running at a reckless rate of speed, and that such reckless rate was the proximate cause of the injury.

(31) If you believe from the evidence that the street car was being operated at a reckless rate of speed, but that the collision in this case would have happened, and the injury complained of would have occurred, even if the street car had not been operated at a reckless rate of speed, then the jury must find for defendant.

(32) If you believe from the evidence in this case that owing to the fact that plaintiff failed to stop his automobile before reaching the track, the collision would have occurred and the injury complained of would have been done if the street car had been running at a reasonable rate of speed, then the jury must find for defendant, even though they believe as a matter of fact the street car was being operated at a reckless rate of speed.

Harry T. Smith & Caffey, of Mobile, for appellant. Stevens, McCorvey & McLeod, of Mobile, for appellee.

BROWN, P. J. The court, at the instance of the defendant, directed a verdict in favor of the defendant on the negligence count of the complaint, and submitted the case to the jury on the wanton count, refusing the affirmative charge and other special charges requested by the defendant as to this count.

Special charges 30, 31, and 32 assume that the operation of the street car at "a reckless rate of speed" was essential to the existence of wanton injury. The word "reckless" implies only a want of care; and while a reckless disregard of consequences in the operation of the street car, coupled with a knowledge of conditions from which injury is likely and will in all probability result, whether the car was negligently operated or not, was an essential element of wanton injury, it was not necessary that the plaintiff show that the car was operated at a reckless rate of speed, and the charges imposing this burden on the plaintiff were refused without error. McNeil v. Munson, 184 Ala. 420, 63 South. 992; L. & N. R. R. Co. v. Barker, 96 Ala. 435, 11 South. 453; Stringer v. Ala. Min. R. R. Co., 99 Ala. 397, 13 South. 75.

After consideration of the evidence by the court en banc, the opinion prevails that the evidence afforded an inference that the collision between the plaintiff's automobile and defendant's street car was the result of wantonness on the part of the motorman in operating the car over the street crossing with a reckless disregard of the safety of those who were probably crossing the tracks of the defendant at the time, and that the affirmative charge as to the wanton count was refused without error. M. & C. R. R. Co. v. Martin, 117 Ala. 367, 23 South. 231; Weatherly v. N. C. & St. L. Ry. Co., 166 Ala. 575, 51 South. 959; L. & N. R. R. Co. v. Lloyd, 186 Ala. 119, 65 South. 153; A. G. S. R. R. Co. v. Guest, 144 Ala. 379, 39 South. 654.

Affirmed.