141 So. 559

## ROBERTSON v. SOUTHERN RY. CO.

### 7 Div. 76.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

McCord & McCord, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellee.

**FOSTER, J.**

Notwithstanding the rule declared in section 9955, Code, when an adult is a trespasser on the tracks of a railroad company, and is run over and killed by a train of cars, the burden is upon plaintiff suing for such death to prove that it was the proximate result of the negligence of defendant, or that defendant wantonly or willfully caused it. Elliott v. Northern Ala. R. Co., 222 Ala. 79, 130 So. 775; Ex parte Southern Ry. Co., 181 Ala. 486, 490, 61 So. 881; Louisville & N. R. Co. v. Moran, 190 Ala. 108, 119, 66 So. 799.

Recognizing such rule, appellant sought a recovery only on a count charging subsequent negligence, and on wanton counts.

Negligence in not discovering the peril is not an issue in the case made by the pleading. But the only negligence averred is that occurring after a discovery of such peril. It is alleged that thereafter defendant negligently operated, managed, or handled the train so as to run over and kill deceased, etc. Such negligence then occurring must have been either in the failure to give a signal of warning or to use due care and skill to stop the train (or lessen its speed), if, by doing either, the accident could have reasonably been avoided, or its consequences lessened.

There was a conflict in the evidence as to whether the bell was ringing when and before the engineer and fireman saw deceased. But, if it was not, the question then is whether some signal should have been given. Taking every inference against defendant, for this argument, we must assume that the train had 60 feet to go at the rate of 30 miles per hour before striking deceased. So that what the engineer and fireman could do must be done in about one and a half seconds. The train could not be stopped in that distance. Knowing that, could the engineer or fireman by giving a signal have caused deceased to get out of danger or lessen his injuries? There was no evidence as to how long it would take to give a signal. Was he in possession of his faculties, and could it have been given so that he would have heard it, realized his danger, and moved off of the track, all within a second and a half? When one is in danger of a train, a sudden blast may sometimes enable him to move away in an instant.

In Alabama Great Southern R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84, the engineer admitted seeing deceased asleep on the track 50 yards off, and attempted to stop, when he knew he could not succeed, but gave no signal. It was held to be a question for the jury's determination whether due care re-

quired a loud blast of the whistle, which may have averted the accident.

In the case of Snider v. Alabama Great Southern R. Co., 210 Ala. 119, 97 So. 209, deceased was crossing the track, not at a regular crossing, the train was approaching slowly, and it was held that the jury could find that the engineer was due to give a blast of the whistle in an effort to avert the danger.

In Newman v. Louisville & N. R. Co., 212 Ala. 580, 103 So. 856, the engineer discovered that the object on the track was a human being when the engine was only a few feet away; "The front of the engine was practically upon" him. It was said that "to hold that a blast from the whistle in time to make his escape, would involve a speculation upon facts which in reason admit of but one conclusion."

We think that it would involve mere speculation to say that the whistle could have been blown in time to enable appellant's intestate to make his escape under the circumstances of this case, all within one and a half seconds. His effort to stop resulted in slowing down the train, but we agree with the circuit court that the jury could not infer negligence from the failure to give a signal after discovering his peril. It results that the claim of subsequent negligence or wantonness, after discovery of the peril of deceased, was not shown.

■ Then, was there wantonness causing death in the operation of the train before discovery of his peril, on account of the speed of the train and the failure to give signals? There was no law or regulation which required a signal at the place where he was killed. The track was straight so that he could see its approach by the glow of the lights and hear its noise. Nothing obstructed the view. It was in the open country, no town, village, or suburb. It was not a place where people usually cross or need to cross the track. There was a shallow trestle, not deeper than the height of an ordinary man. It is not shown what was the nature of the ground under the trestle. It was not therefore at a place where any one would anticipate that an adult, in possession of his senses, would likely be in a position where he would be either helpless, or heedless, of the approach of a train. As to such a person, we have said that: "A railroad company has a right to run its trains in the usual way, without special precautions. * * * Chenery v. Fitchburg R. Co., 160 Mass. 213, 35 N. E. 554, 22 L. R. A. 575." Elliott v. Northern Ala. R. Co., 222 Ala. 79, 130 So. 775.

A different duty is owing to one crossing the railroad at a populous public crossing where persons are known to be in the exercise of their right to cross, and are neither trespassers nor bare licensees. Cent. of Georgia R. Co. v. Graham, 218 Ala. 624, 119 So. 654; Davis v. Smitherman, 209 Ala. 244, 96 So. 208.

But, though trespassers, when people use the tracks as a pathway in such numbers and under such circumstances known to the trainmen as that some one is likely to be helpless to get out of danger or to be heedless of it, some precautions are due to be observed in his favor, to such an extent as that a failure may even justify an inference of wantonness. Ill. Cent. R. Co. v. Martin, 213 Ala. 617, 105 So. 805; Duncan v. St. Louis & S. F. R. Co., 152 Ala. 118, 44 So. 418; Savannah & W. R. Co. v. Meadors, 95 Ala. 137, 10 So. 141, 142.

But we do not think that this engineer or fireman should have supposed that one would be on the trestle on his knees, or heedless and helpless, under the circumstances we have described, and do not see any act of wantonness disclosed by the evidence, but have reached the conclusion that the affirmative charge was properly given for appellee.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.