181 So. 294

CLARK v. BIRMINGHAM ELECTRIC CO.

6 Div. 933.

Supreme Court of Alabama.

May 12, 1938.

W. Emmett Perry, Caesar Powell, and George Frey, all of Birmingham, for appellant.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for appellee.

FOSTER, Justice.

This suit was tried on count 2 and the general issue. It charges negligent killing of plaintiff's intestate by defendant while he was on a public highway at a place where he had a right to be, and was run over by defendant's street car.

The accident occurred about dark, during a fog or mist, when decedent was lying partly upon and otherwise very near the right of way of defendant, which extended down the south slope of Red Mountain toward Homewood. The right of way was not a part of the highway, but adjoined it at this point, extending to the edge of the paved roadway where there was a curb. The rails were not imbedded in the roadway, nor on its level, and not intended to be, and the track was not used as a part of the roadway. But there was evidence that it had frequently been used at that point by pedestrians traversing its course, not merely crossing it. It was not shown that defendant's motorman operating the car at that time had notice of any such frequent use of the tracks.

The points here insisted on by appellant relate to the giving of charges 7, 19, and 20 for defendant. They were in substance that decedent was a trespasser when he was struck, and that defendant owed him no duty to keep a lookout for him on that occasion as he lay on or dangerously near the track.

The trial was had, by virtue of the court's charge, on an issue of whether defendant's motorman was negligent after discovering the peril of decedent. On that issue a verdict was rendered for defendant.

There is no doubt but that one partly lying upon the track of a steam or street railway company is in the attitude of a trespasser. 60 Corpus Juris 375, note 31; Dickson v. Chattanooga Ry. & Lt. Co., 237 F. 352, 150 C.C.A. 366, L.R.A.1917C, 464; Southern R. Co. v. Stewart, 179 Ala. 304, 60 So. 927; Birmingham R. Light & Power Co. v. Jones, 153 Ala. 157, 45 So. 177.

This rule is magnified when the track is not a part of the highway, not on a level with it, especially when, as here, it is on a private right of way and the rails stand up full height above the level of the ground; a person is then a trespasser who uses the right of way as a path along which to walk. Birmingham R. Light & Power Co. v. Jones, 153 Ala. 157, 45 So. 177; Southern R. Co. v. Stewart, supra; Snyder v. Mobile Light & Ry. Co., 214 Ala. 310, 107 So. 451.

Circumstances sometimes require the operator of a car, street or steam, to look out at certain places for persons who are trespassers using without authority the track as a course along which they walk. But it is evidence only of wanton conduct, Montgomery's Ex'rs v. Alabama G. S. R. Co., 97 Ala. 305, 12 So. 170; Martin v. Union Springs & N. R. Co., 163 Ala. 215, 50 So. 897; Blackmon v. Central of Georgia R. Co., 185 Ala. 635, 64 So. 592; McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992; Sington v. Birmingham R. Light & Power Co., 200 Ala. 282 (3), 76 So. 48;

Southern R. Co. v. Stewart, 179 Ala. 304, 60 So. 927; Verner v. Alabama G. S. R. Co., 103 Ala. 574, 15 So. 872; Birmingham Southern R. Co. v. Fox, 167 Ala. 281, 52 So. 889; Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541, and will not sustain a count in simple negligence, Louisville & N. R. Co. v. Perkins, 152 Ala. 133 (3), 44 So. 602; Louisville & N. R. Co. v. Markee, 103 Ala. 160, 15 So. 511, 49 Am.St.Rep. 21, in which cases to the contrary were over-ruled.

It is therefore necessary in such an action based on simple negligence to allege facts showing that the injured party was not a trespasser, and that there was a duty to him by defendant to use ordinary care not to injure him. Montgomery's Ex'rs v. Alabama G. S. R. Co., supra; Alabama Fuel & Iron Co. v. Bush, supra; Martin v. Union Springs & N. R. Co., supra.

When a trespasser on the tracks of a railway company is run upon by a train or car upon the track, there is no liability except upon a wanton or willful count or for subsequent negligence.

There was some uncertainty of expression in earlier cases, which appellant cites, but they have been treated and cleared and the principles just stated are not any longer in question in this state. See Southern R. Co. v. Stewart, supra; Birmingham R. Light & Power Co. v. Jones, supra; Blackmon v. Central of Georgia R. Co., supra.

But when a count is sufficient to charge a wanton or willful homicide upon the theory that at the time and place, it should have been expected that persons would be walking along defendant's track, and that a lookout for them was due to have been observed, it could not be well claimed, as was said in the Stewart Case, supra, that such duty was owing to one lying prone upon the track, or dangerously near it.

The evidence in this case by one witness is that decedent was lying on the curbstone a few inches from the rail, with his hand on the track, and by another that his feet were on the roadway and his body, arms, and head were across the track; and by another that his hips were on the curb. There were no other witnesses who saw him immediately before he was run over. One hand was completely severed, and his neck was mashed, cutting off the head except for a small bit of flesh or skin. So that he was a trespasser, as declared in given charge

No. 7, supra, and the evidence did not show any duty to keep a lookout for trespassers so situated, had there been a count thus charging. Therefore charges 19 and 20 were given without reversible error in this connection.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.