189 So. 547

## SIMS v. BIRMINGHAM ELECTRIC CO.

### 6 Div. 144.

Supreme Court of Alabama.

June 1, 1939.

Jim Gibson, of Birmingham, for appellant.

Lange, Simpson, Brantley & Robinson and W. P. Rutledge, all of Birmingham, for appellee.

GARDNER, Justice.

The automobile which plaintiff was driving on the streets of Birmingham collided with defendant's street car, resulting in damages, for which she sues.

The cause was submitted to the jury on count A, a wanton count, and B, a count in simple negligence. There was verdict and judgment for defendant, from which plaintiff prosecutes this appeal.

The accident occurred in the morning, and snow and ice were on the streets. Plaintiff's evidence tended to show that as she was driving the automobile between

Eightieth and Eighty-first Streets at a moderate speed of ten or fifteen miles per hour, she approached a barbecue stand where two cars were parked, leaving insufficient room for passage without striking the out-bound track of defendant street railway; and the contact with this out-bound track caused the automobile to skid over and onto the in-bound track, where her car, apparently out of gasoline, stopped. She insists she took her foot from the accelerator, and made three efforts to start her car, but without avail. She saw the street car approaching seventy-five yards away, and her testimony is to the effect that, though she was in plain view, with the motorman looking ahead, and her automobile "dead" on the track, the motorman ran the street car at a rapid and undiminished speed until the moment of collision.

On the other hand, defendant's evidence was to the effect that the street car, though at first operated at full speed, slackened its speed when plaintiff's automobile was first seen some eighty feet ahead, and that the motorman did all within his power to stop his car and prevent the collision; that he did not sand the track, but stated he did not have time, and that plaintiff's car was not standing still but being operated at a considerable speed.

For the purpose in hand further details may be omitted, though it may be remarked that upon material points the evidence was in sharp conflict.

Under plaintiff's theory of the case the wanton count was for the jury's consideration. Bradley v. Johnson, 212 Ala. 330, 102 So. 710; Mobile Light & Railroad Co. v. Gadik, 211 Ala. 582, 100 So. 837; Robertson v. Southern R. Co., 224 Ala. 640, 141 So. 559.

The authorities generally have pointed out the distinguishing characteristics between negligence and wantonness (45 Corpus Juris 674), which our Court has often recognized. Sington v. Birmingham Ry. Lt. & P. Co., 200 Ala. 282, 76 So. 48; McNeil v. Munson Steamship Line, 184 Ala. 420, 63 So. 992.

Assignments of error 11, 13 and 14 have reference to the action of the court in giving, at defendant's request, charges numbered 35, 22 and 26. These charges ignore the wanton count, and under the cited authorities the action of the court in giving them necessitates a reversal of the cause. Barbour v. Shebor, 177 Ala.

304, 58 So. 276; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; South Highlands Infirmary v. Galloway, 233 Ala. 276, 171 So. 250; McBride v. Barclay, 219 Ala. 475, 122 So. 642. For the errors indicated, let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.