51 So.2d 516

## TYLER v. DRENNEN.

6 Div. 81.

Supreme Court of Alabama.

March 1, 1951.

Rehearing Denied March 29, 1951.

Gibson & Hewitt, of Birmingham, for appellant.

Davies & Williams, of Birmingham, for appellee.

STAKELY, Justice.

Mrs. Bertha Calhoun Tyler (appellant) brought this action against Charles Edward Drennen (appellee) for damages growing out of an automobile collision. The complaint contained a count in simple negligence and a count alleging wantonness. The defendant filed two pleas seeking damages by way of recoupment, one plea alleging simple negligence and the other averring wantonness. Both defendant and the plaintiff respectively filed a plea of the general issue in short by consent with leave to give in evidence any matter which would be admissible if specially pleaded. Upon submission of the case to the jury the jury returned a verdict for the defendant. The

plaintiff filed a motion for a new trial which was overruled by the court.

On Sunday, January 2, 1949, about 11 A.M. the appellant was driving her automobile to church. This was at or near Mt. Pinson on highway 38. At the point of the accident there is an unpaved or chert driveway leading to a church located on the east side of highway 38. This chert driveway is approximately 12 feet wide and is about 21 feet north of the intersection of highway 38 with the Silver Lake Road, which was also unpaved at the time of the accident. Just prior to the accident appellant was driving south on highway 38. She testified that she only saw appellee's automobile, which was driving north on highway 38, for a distance of 100 feet before it reached the point of impact and that she was frightened and excited and didn't recall whether her foot was on the gas pedal or brake.

The defendant testified that just prior to the accident he was traveling north on the east side of highway 38 and saw appellant's car several hundred feet away but when he was only about 70 or 80 feet from appellant's car without signal so far as he saw, she suddenly cut across the highway to the left and stopped immediately in front of his car, blocking the highway. The defendant testified that when he saw the plaintiff turn he immediately applied his brakes. The point of impact was approximately 3 feet and 6 inches east of the center line of the highway and the skid marks made by defendant's car leading up to the defendant's vehicle were wholly on the east side of the center line of the highway. The left front of the defendant's car collided with the right front of appellant's car. There is testimony tending to show that after the impact the defendant's car stopped approximately at the point of the impact traveling at that time not over 8 or 10 miles per hour while the plaintiff's car rolled slowly backwards down the hill for a distance of 15 feet.

The plaintiff testified that she was driving approximately 15 miles per hour before reaching the point where she wanted to make a left turn in order to turn into the driveway leading to the church. According to her she gave a signal before turning and looked in both directions but did not see anything. Further according to her she slowed down and started across the highway and her left wheel was about the middle line when she first saw the defendant's car. She was either almost stopped or was going mighty slow when the defendant came over the top of the hill and she first saw him. According to her the front of the defendant's car struck the front of her car on the right front and knocked it all the way across the road back in the driveway.

The plaintiff testified that the defendant was going about 70 miles per hour after he topped the little hill 100 feet from the point of impact. In the neighborhood along the highway where the impact took place there was a church, school, school annex and filling station as well as many dwelling houses immediately fronting on the highway. Bobby Montgomery, witness for the plaintiff, testified that the defendant's car was going at least 50 miles an hour. Highway 38 is a muchly traveled highway, but at the time of the accident the two cars here involved were the only cars on the highway at or near the place of the accident. It is undisputed that the visibility where a car could be seen from the direction from whence the defendant's car came to the point of the impact was approximately 700 feet. J. H. Hagood, a state highway patrolman, testified that he measured the skid marks behind Mr. Drennen's car at the time of the accident and they measured 63 feet. They were black marks on the highway. From where he found the mud and debris of the impact, it was 12 feet to where the plaintiff's car was located on the west side of the highway. From where the skid marks first started behind the defendant's car it was about 150 feet back to the top of the hill. When the plaintiff's car was hit, the hood flared up.

The defendant testified that he was going 40 to 45 miles per hour. He had been along the highway at the point of the accident from six to perhaps ten times before the accident.

Substantially all of the assignments of error are based upon rulings of the court with respect to written charges requested by the defendant. In considering at least some of these charges it will be necessary to determine whether there is evidence from which a jury could find for the plaintiff on the wanton count, because if there is no evidence to support the wanton count, the giving of charges which apply only to the count in simple negligence, if error, is error without injury. Lambert v. Birmingham Electric Company, 244 Ala. 333, 13 So.2d 579. In this connection we should, of course, review tendencies of the evidence most favorable to the plaintiff. Duke v. Gaines, 224 Ala. 519, 140 So. 600.

Photographs introduced in evidence by the plaintiff together with the oral testimony show that the place on the public highway where the accident occurred was a community with buildings for about a mile along the highway, including a church, school, school annex, filling station and dwellings "just one right after the other." Running into the highway from the east was the Silver Lake Road and the road leading to the driveway to the church. Many of the homes along the highway had driveways leading into the highway. Appellee had been over the highway 6 to 10 times.

There is testimony that appellee applied his brakes 25 yards before the accident. There is testimony that he was traveling 70 miles per hour when he topped the little hill and that a car could be seen from the direction from which the appellee came to the point of impact for about 700 feet. There is testimony that appellee skidded his car 30 to 40 feet before striking appellant's car and from where the skid marks first started behind appellee's car it was 151 feet back to the top of the hill. When appellant's car was hit the hood flared up.

According to appellant she was driving about 15 miles per hour before reaching the point where she wanted to make a left turn into the road leading to the church and gave a signal before turning and looked in both directions, but did not see anything. She slowed down and started across the highway and her left wheel was across the middle line when she first saw appellee's car. She was either almost stopped or going mighty slow when appellee came over the top of the hill. The front of appellee's car struck the front of appellant's car and knocked it across the road back into a driveway.

We think that the wantonness vel non of the defendant was a question for the jury. Sims v. Birmingham Electric Company, 238 Ala. 83, 189 So. 547.

We also add that under tendencies of the evidence the question of wantonness vel non of the plaintiff under count 2 of the plea in recoupment was also for the jury. According to tendencies of the evidence the appellant made a left turn across the highway and stopped immediately in front of the appellee's approaching car when that vehicle was only 70 to 80 feet away. The evidence is undisputed that the collision between the cars was on the defendant's side of the highway. We think the jury was warranted under the tendencies of evidence in concluding that appellant recklessly and with indifference to consequences turned her car to the left across the highway and thereby caused the accident. Roberts v. McCall, 245 Ala. 359, 17 So.2d 159.

Assignment 2. There was no error in giving charge 18. This charge is not at variance, as contended by appellant, with the general rule that a person's action must be such as a reasonably prudent person would exercise under the same or similar circumstances. The charge is a definition of the care required to be exercised by a reasonably prudent person under the circumstances involved in this case. Due care is relative always and much depends upon the facts of the particular case. Adler v. Martin, 179 Ala. 97, 59 So. 597; W. & W. Pickle & Canning Co. v. Baskin, 236 Ala. 168, 181 So. 765. Due care often requires extraordinary or highest care. Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729.

■ It is proper for the court when a statute prescribes actions of persons driving an automobile over the highway to instruct the jury as to the duties thus imposed with respect to the safety of others. Wise v. Schneider, 205 Ala. 537, 88, So. 662. The statute itself, § 17, Title 36, Code of 1940, imposes a duty of extra precaution upon a person making a left-hand turn. We quote the pertinent part of the statute as follows: "The driver of any vehicle upon a highway before starting, stopping, backing or turning from a direct line shall first see that such movement can be made in safety and if any pedestrian may be affected by such movement, shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement."

■ While this court does not appear to have passed directly upon the proposition here involved, other jurisdictions having the same or similar statutes impose a duty to use extra precaution upon a person making a left-hand turn between intersections. In the case of Phoenix Baking Co. v. Vaught, 62 Ariz. 222, 156 P.2d 725, 728, the Supreme Court of Arizona had before it a statute apparently identical with the Alabama statute. The court among other things said:

"* * * We think the 'extra precaution' rule is a moderate construction of the law. It infers a duty on the driver of a care less than absolute, perhaps even less than 'extraordinary care', adopted as the rule in Washington. It seems to us that the term would be understood to mean something more than ordinary but less than extraordinary care. We do not believe that the extra precaution instruction was or could be misleading to the jury.

"When a driver on a road where traffic is heavy makes a left-hand turn between intersections common sense requires that he should exercise more than ordinary care. This has been the law of Arizona since the McIver decision. The trial court, therefore, properly modified defendants' instruction three by eliminating the latter portion thereof. It is true that the driver was only required to use such care in the circumstances as an ordinarily prudent person would exercise in the same situation in making such turn. But it must be borne in mind that such an ordinarily prudent person would exercise a higher degree of care than ordinary care."

In Blashfield's Cyclopedia of Automobile Law and Practice, 2 Blashfield 283, § 1121, it is said: "The driver of a car, desiring to make a left-hand turn between intersections, should usually exercise extra precaution before attempting it." See 60 C.J. § 75.

The following authorities set forth varying degrees of care from "extra precaution" and "very high degree of care" to "extraordinary care" as being required in making turns between intersections. Hildebrand v. Peterson, La.App., 7 So.2d 378; Shirley v. Caldwell Bros. & Hart, La.App. 183 So. 581; Payne v. Prestridge, 16 La.App. 479, 133 So. 512; Bayer v. Whitley, 18 La.App. 443, 138 So. 702; Esponette v. Wiseman, 130 Me. 297, 155 A. 650; Ceasar v. Phillips Petroleum Co., 187 Okl. 559, 104 P.2d 429; McIver v. Allen, 33 Ariz. 28, 262 P. 5; Onkles v. Stogsdill, 151 Wash. 194, 275 P. 692; Bennett v. DeLeonardo, 109 Conn. 602, 145 A. 61.

But it is claimed that the court was in error in giving charge 18 because it pretermits consideration of the wanton count. We do not think this is correct. The charge simply states the law correctly as to the duty of a driver of a car desiring to make a left-hand turn between intersections as is claimed plaintiff did on the occasion in question. It merely states the substance of a rule of the road enacted by the legislature. True it ignores wantonness, but it also ignores negligence. It gives no direction as to its effect. It thereby ignores all issues. It could well have been refused on that account. It would have been error, since it was given, to refuse a charge limiting its effect to the simple negligence count. But as given there was no error on any legal principle.

.

Assignment 3. There was no error in giving charge 5 requested by the appellee. It is contended that it was error to give this charge because it was not limited to the count in simple negligence. It is true that the charge defines the act of a person who is free from negligence but it also includes a person who is free from wantonness or subsequent negligence. A person who is acting as a reasonably prudent man will not do a wanton act nor one that is negligent. But a man who is not negligent may be wanton. Therefore a charge to find for defendant if he was not negligent when there is a wanton count supported by the evidence is erroneous. Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547.

Assignments 4 and 5. There was no error in giving either charge 6 or charge 8 at the request of the defendant. What we have said with reference to charge 5, assignment 3, is equally applicable to charges 6 and 8.

Assignment 6. As we have pointed out under the plaintiff's theory of the case the wanton count was for the jury's consideration. This assignment deals with the action of the court in giving charge 13. This charge ignores the wanton count. Under our authorities this requires a reversal of the cause. Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547. The term negligence is not synonymous with wantonness nor does it include wantonness as contended by appellee. Sims v. Birmingham Electric Co., supra; Louisville & Nashville R. R. Co. v. Markee, 103 Ala. 160, 15 So. 511, 41 Am.St.Rep. 21; Clark v. Birmingham Electric Co., 236 Ala. 108, 181 So. 294.

Assignment 7. It is insisted that the court was in error in giving charge 20 because it pretermits consideration of appellee's wanton conduct. We agree. While it is true that the appellee's wanton conduct did not preclude recovery for injuries caused by the appellant's wantonness, nevertheless the question of the wantonness of each, if any, under the issues in this cause should have been submitted to the jury under the following Alabama authorities. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511; Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215; Davis v. Smitherman, 209 Ala. 244, 96 So. 208. It is true that the court in its oral charge correctly stated the law as set forth in the foregoing authorities, but this does not help the situation because where the oral charge and the written charge are at variance, the jury is left in uncertainty as to the rule which it should follow. Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200.

Assignment 8. This assignment relates to charge A given at the request of appellee. It is argued that this charge invades the province of the jury and hence its giving is error. It seems to us however that the charge is directed at a legal conclusion. In the case of Central of Georgia Ry. Co. v. Graham, 218 Ala. 624, 119 So. 654, 655, it was held: "We agree that, if she saw the approach of the train in time to avoid the accident, she cannot predicate recovery on failure to give the signals. Alabama Power Co. v. Bradley, 18 Ala. App. 533, 93 So. 73. We also agree that, if the evidence shows as a legal conclusion that she could certainly have seen the train when she looked, she is chargeable with having seen it. Peters v. So. Ry. Co., 135 Ala. 533, 33 So. 332; So[uthern] Ry. Co. v. Irvin, 191 Ala. 622, 68 So. 139."

Assignment 9. There was no error in giving charge B at the request of the appellee. It confines itself to count 1 by its own language. The charge does not ignore the issue of subsequent negligence. This charge predicates a recovery for negligence in the fact that it was the proximate cause of the collision. This includes subsequent negligence. If the negligence is the proximate cause of the collision, it is so whether it is primary or subsequent negligence which is shown by the evidence. Birmingham Electric Co. v. Carver, post, p. 471, 52 So.2d 200.

Assignment 10. There was no error in giving charge F. The charge is equally applicable to both counts of the complaint. In answer to the contention

that the charge contradicts the prima facie speed limits as set forth in § 5, Title 36, Code of 1940, it is sufficient to quote from McCaleb v. Reed, 225 Ala. 564, 144 So. 28, as follows: "It will be observed that this statute does not make such speed an unlawful act under all circumstances at a place stated in the statute; but that if he drives at a speed not exceeding the rate named it is prima facie lawful. The statute also makes it prima facie unlawful to exceed that speed. But whether it is lawful or not, as stated in section 51(a) and (b), depends upon the conditions then existing, so that the speed shall not be dangerous or unsafe."

Assignments 11, 12 and 14. There was no error in giving charges BB, X and 12. What we have said with reference to charge F under assignment 10 is sufficient to say here.

■ Assignment 13. While we do not hold that there was reversible error in giving charge 10, which is an unavoidable accident charge, the better practice is to refuse such a charge because of its tendency to mislead and confuse. Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694.

■ Assignment 15. There was no error in giving charge 14 requested by the appellee. In Newman v. Lee, 222 Ala. 499, 133 So. 10, the charge was held bad because it omitted mention of the necessary element of proximate cause. It is not authority for the position that "contributed to the collision" rather than contributed "to the injury" is reversible error. As to the contention that the charge ignores subsequent negligence, it is sufficient to say what was said in this connection in relation to charge B.

We have examined other assignments of error and find no merit in them.

For the errors pointed out the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

FOSTER and LAWSON, JJ., concur.

BROWN, J., concurs except that he thinks the court was in error in giving charges A and 14.