71 So.2d 56

### BUCHANAN v. VAUGHN.

#### 8 Div. 729.

Supreme Court of Alabama.

March 18, 1954.

Bradshaw, Barnett & Haltom and E. B. Haltom, Jr., Florence, for appellant.

Potts & Young, Florence, for appellee.

LAWSON, Justice.

This is an action for damages claimed to be the result of negligence and wanton conduct of the defendant in operating an

automobile which was in a collision with a truck owned and operated by the plaintiff.

To the counts charging simple negligence the defendant pleaded the general issue and contributory negligence and to the counts charging wanton conduct the defendant pleaded the general issue. The questions presented for decision on this appeal require no specific mention of another plea interposed by the defendant.

There was jury verdict for the defendant. Judgment was in accord with the verdict. The trial court granted a new trial on motion of the plaintiff. From the judgment granting the new trial the defendant has appealed to this court.

The trial court refused to give at the defendant's request affirmative instructions to find for the defendant on the wanton counts. And in its oral charge the trial court specifically instructed the jury as to the theory of liability included in the wanton counts.

Yet, at the request of the defendant, the trial court gave several written charges which ignored the wanton counts and which in effect instructed the jury to find for the defendant if she was not negligent.

■ It is erroneous to give such a charge where there is a wanton count supported by the evidence. Sims v. Birmingham Electric Co., 238 Ala. 83, 189 So. 547, and cases cited.

The defendant argues that the giving of those charges, if error, was error without injury for the reason that there was no evidence to support the wanton counts, citing Tyler v. Drennen, 255 Ala. 377, 51 So. 2d 516.

■ Wantonness may be predicated upon conduct occurring before a discovery of the peril of another, as well as afterwards. Ashley v. McMurray, 222 Ala. 32, 130 So. 401. It is wantonness when one has knowledge that another (any person) is likely to be in a position of danger and with conscious disregard of such known danger proceeds on a dangerous course which causes the disaster, though he may not know whether any person is actually in danger. Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Rainey v. State, 245 Ala. 458, 17 So.2d 687.

■ In considering the question as to whether there was evidence from which the jury could find for the plaintiff on the wanton count, we must consider the evidence most favorable to the plaintiff. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Tyler v. Drennen, supra.

■ The collision occurred at the intersection of two graveled public roads in Lauderdale County. The plaintiff was traveling in a westerly direction on Mud Road, which road runs in an easterly and westerly direction. The defendant was traveling north on the Cheatum Ferry Road. On the property situated at the southeast corner of the intersection were a number of trees which, according to the plaintiff, made it impossible for one traveling west on the Mud Road to observe a vehicle traveling north on the Cheatum Ferry Road until reaching the intersection. There were no stop signs or signals of any kind located at the intersection. According to the evidence on behalf of the plaintiff, he stopped his truck before entering the intersection and being unable to see a car to the north or south of him, proceeded into the intersection and shortly after entering his truck was hit by the automobile driven by the defendant, which was being driven at a speed of between fifty and sixty miles an hour and which did not stop or give signal of approach before entering the highway.

The evidence shows that both these public roads, though situated in a rural area, were "traveled a considerable amount back in May when this wreck took place." And the plaintiff testified on cross-examination that he was traveling on a road used by the public, "a road used by everybody out there."

The defendant was familiar with the roads. She lived only a short distance north of the intersection where the collision occurred and was a frequent traveler across the intersection.

We think the wantonness vel non of defendant was a question for the jury and

hence the trial court was justified in setting aside the verdict and judgment and granting plaintiff a new trial because of the giving at the request of the defendant the several charges which ignored the wanton counts.

 The fact that the defendant was found by the jury to be not guilty of initial negligence would not preclude a finding by the jury that she was guilty of wanton conduct. McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553. Although evidence of subsequent negligence would have been admissible under the simple negligence counts, no such evidence was introduced and the issue of subsequent negligence was not submitted to the jury. Hence our holding in Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So. 2d 320, has no application to the instant case.

We are of the opinion that the trial court correctly granted a new trial to the plaintiff.

The judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.