314 So.2d 279

**William T. CANIDA and Frances L. Canida**

**v.**

**U. S. REDUCTION CO. and XYZ et al.**

**SC 500.**

Supreme Court of Alabama.

June 5, 1975.

Rehearing Denied July 3, 1975.

Taylor & Taylor, Russellville, for appellants.

**194**

Huie, Fernambucq, Stewart & Smith, Birmingham and Bedford & Bedford, Russellville, for appellees.

MADDOX, Justice.

William T. Canida and Frances L. Canida sued U. S. Reduction Company, claiming that the company negligently and wantonly discharged a large quantity of chlorine gas which damaged their property in the sum of $100,000.

The trial court directed a verdict for the company on the wanton count and the jury found for the defendant company on the negligence count. The Canidas' motion for a new trial was overruled. They appealed.

 The Canidas claim that the trial court committed reversible error in granting the defendant company's request for the affirmative charge as to the wanton count in their complaint. We agree. We have examined the evidence and are of the opinion that there was at least a scintilla of evidence to support plaintiff's charge that the defendant company was guilty of willful or wanton misconduct. This court has held that where it was error to give the affirmative charge against a plaintiff on counts charging willful or wanton misconduct under the evidence, such error was not cured by the verdict of the jury finding against the plaintiff on the issue of simple negligence submitted to them by the court. McNeil v. Munson S.S. Lines, 184 Ala. 420, 63 So. 992 (1913); Buchanan v. Vaughn, 260 Ala. 482, 71 So.2d 56 (1956). A synopsis of the Alabama rule is stated in Buchanan v. Vaughn, as follows:

"The fact that the defendant was found by the jury to be not guilty of initial negligence would not preclude a finding by the jury that she was guilty of wanton conduct. McNeil v. Munson S.S. Lines, 184 Ala. 420, 63 So. 992; Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553. Although evidence of subsequent negligence would have been admissible under the simple negligence counts, no such evidence was introduced and the issue of subsequent negligence was not submitted to the jury. Hence our holding in Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320, has no application to the instant case."

The judgment of the trial court is due to be reversed.

Reversed and remanded.

MERRILL, JONES, ALMON and SHORES, JJ., concur.