727 So.2d 92 (1998)
Willie George GREEN
v.
Maggie LEATHERWOOD and Carrie McNeal.
2960987.
Court of Civil Appeals of Alabama.
January 30, 1998.
Rehearing Denied March 6, 1998.
Certiorari Quashed January 8, 1999.
James W. Killion and Tracy S. Guice of Killion & Vollmer, P.C., Mobile, for appellant.
David P. Bains, Metairie, Louisiana, for appellee.
Alabama Supreme Court 1971064.
HOLMES, Retired Appellate Judge.
Maggie Leatherwood and Carrie McNeal filed a two-count complaint against Willie George Green, alleging that they suffered injuries as a result of the negligent and/or wanton conduct of Green.
Green filed an answer, wherein he contended that Leatherwood and McNeal were guests in his automobile on the date of the accident and that, in light of the guest statute, they were not entitled to recover. See Ala.Code 1975, § 32-1-2.
*93 The trial court, sitting without a jury, heard the case and issued an order, which stated the following:
"On the first cause of action in negligence, judgment for [Green] and against [Leatherwood and McNeal].
"On the second cause of action in wantonness, judgment for [Leatherwood] and against [Green] for the sum of $2,500.00 in punitive damages.
"On the second cause of action in wantonness, judgment for [McNeal] for the sum of $2,500.00 in punitive damages."
At this point, we would note that a judgment in favor of Green on the negligence count does not preclude a finding that he was guilty of wanton conduct. Canida v. U.S. Reduction Co., 294 Ala. 193, 314 So.2d 279 (1975).
Thereafter, Green filed a motion to vacate the judgment. Green alleged that the evidence submitted at trial failed to establish that his actions constituted wantonness. Green further alleged that the evidence submitted at trial failed to establish that his actions rose to the level required for the imposition of punitive damages. The trial court denied Green's motion to vacate.
Green appeals.
On appeal, Green contends that the evidence submitted at trial failed to establish that his actions constituted wantonness. Green argues that, at most, his actions might be characterized as mere inadvertence or inattention, which would constitute negligence, and that the trial court determined that he was not guilty of negligence. Green further contends that the evidence submitted at trial failed to establish that his actions rose to the level required for the imposition of punitive damages.
We would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on those findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
Our review of the record reveals the following pertinent facts: On February 6, 1995, Leatherwood and McNeal were passengers in an automobile driven by Green. On that day, Green had driven his first cousins, Leatherwood and McNeal, to a funeral in Pensacola. At approximately 6:00 p.m. on that evening, they had returned to Mobile and were proceeding westbound on Government Street when they were involved in an automobile accident.
We would note that there are conflicting accounts regarding how the right front of Fred Pope's automobile struck the left rear of Green's automobile. Pope testified to the following: He was proceeding westbound on Government Street in the left lane when Green's automobile moved from the right lane into the left lane. Pope slammed on his brakes, but was unable to avoid striking the left rear of Green's vehicle.
Leatherwood testified to the following: They were traveling down Government Street in the right lane. Green had turned on his right turn signal because, she said, they were nearing Catherine Street and he needed to turn right on Catherine Street to take Leatherwood and McNeal home. Then Green pulled over into the left lane. When Green pulled over into the left lane, Pope's automobile struck the rear of Green's automobile.
Green testified to the following: They had returned to Mobile from Pensacola and he was in the process of taking Leatherwood and McNeal home. He was proceeding in the left lane of Government Street when he saw a video store on the left and decided to stop and get a movie. He proceeded into the left turn lane so that he could make a left turn and then the accident occurred.
Needless to say, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our supreme court stated the following in Pate v. Sunset Funeral Home, 465 So.2d 347, 349 (Ala.1984):

*94 "What constitutes wanton misconduct depends upon the facts presented in each particular case. In order for the trial court to find a party guilty of wanton conduct, it must be shown that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some known duty, and that this act or omission produced the injury."
(Citations omitted.)
Our supreme court has also stated the following in Griffin Lumber Co. v. Harper, 247 Ala. 616, 620, 25 So.2d 505, 508 (1946):
"Knowledge [of the probable consequence of one's conduct] need not be shown by direct proof. It may be made to appear, like any other fact, by showing circumstances from which the fact or actual knowledge is a legitimate inference."
The pivotal question in the present case is whether the evidence presented established that Green consciously and intentionally changed lanes in such a manner as to charge him with knowledge that his action would probably result in injury to his passengers.
As previously noted, there was conflicting evidence. The trial court heard the testimony, observed the witnesses, and determined that Green's conduct rose to the level of wantonness. In light of the testimony of Pope and Leatherwood, there is evidence to support the trial court's determination that Green's conduct constituted wantonness.
Stated differently, Pope and Leatherwood's testimony can be viewed as revealing the following: Green was traveling in the right lane of Government Street, preparing to turn right onto Catherine Street. Green had turned on his right turn signal because he was nearing Catherine Street. Then suddenly, without warning, Green abruptly moved into the left lane because he saw a video store on the left and he decided to stop and get a movie. Green made a conscious decision to abruptly move from the right lane into the left lane of Government Street at 6:00 p.m. on a Monday night, without regard for the fact that Pope's vehicle occupied the left lane.
Green also argues that Leatherwood and McNeal failed to "prove wantonness by clear and convincing evidence to authorize the trier of fact to award punitive damages." Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909, 925 (Ala.1994) (emphasis added). In light of the testimony of Pope and Leatherwood, we cannot agree with Green's assertion. Consequently, the judgment of the trial court is due to be affirmed.
We would note that in their brief, Leatherwood and McNeal assert the following in pertinent part: "Therefore, if there was any error on the part of the trial court, it was in the failure to assess compensatory damages as well as punitive damages in this case." However, we would note that Leatherwood and McNeal failed to cross-appeal. Because this issue is not properly before this court, it will not be addressed. Johnson v. Haynie, 414 So.2d 946 (Ala.1982).
In light of the foregoing, this case is due to be affirmed.
It is the general policy of this court not to comment on a dissent. However, in this instance, we note the following regarding the dissent: The dissent simply appears to be an example of a member of this court attempting to substitute his judgment for that of the trial court, which heard the case while sitting without a jury. This the law neither permits, nor should permit. Ex parte Travis, 414 So.2d 956 (Ala.1982); Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994).
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
CRAWLEY, Judge, dissenting.
Because I believe that the trial court misapplied the law to the undisputed facts in this case, I must respectfully dissent.
*95 Green changed lanes without exercising due care, a textbook example of negligence. See Walls v. Forsyth, 611 So.2d 273 (Ala. 1992). At the scene of the accident, Green was given a citation for "improper lane change"; he was not charged with recklessness. At trial, the plaintiffs simply presented no evidence of wantonness, i.e., no proof that, knowing the danger involved and the likelihood of injury, Green changed lanes in reckless disregard for the safety of his passengers. "Wantonness is a question of fact for the jury, unless there is a total lack of evidence from which the jury could reasonably infer wantonness." Cash v. Caldwell, 603 So.2d 1001, 1003 (Ala.1992).
"In a case subject to the Guest Statute, a plaintiffs showing of `wanton misconduct' requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability.
". . . .
"`Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....
"`Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act....
"`. . . .
"`"Willful and wanton conduct has a well-defined meaning at law. It is sometimes expressed in terms of `reckless disregard for the safety of another.' ..."
"`. . . .
"`"... Willfulness or wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act...."'"
Ex parte Anderson, 682 So.2d 467, 469-70 (Ala.1996) (reversing Hughes v. Anderson, 682 So.2d 463 (Ala.Civ.App.1995)) (quoting Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 145-46 (Ala.1987)) (citations omitted).